In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-086 CR


____________________



JOSEPH GUILLORY, JR., Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 83302






OPINION


 Joseph Guillory, Jr. appeals his conviction for murder. A jury found Guillory
guilty and assessed punishment at confinement in the Institutional Division of the Texas
Department of Criminal Justice for a term of thirty-eight years, with fine of $10,000 also
included. Guillory raises two issues for our consideration, viz: 



FIRST ISSUE


 TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING
TO REQUEST A JURY CHARGE ON THE LESSER-INCLUDED OFFENSE OF CRIMINALLY NEGLIGENT
HOMICIDE.


SECOND ISSUE


 TRIAL COUNSEL WAS INNEFECTIVE [sic] BECAUSE
HE ARGUED THE CASE AT GUILT/INNOCENCE AND
PUNISHMENT IN A MANNER THAT NECESSARILY
UNDERRCUT [sic] AND CONTRADICTED
APPELLANT'S TESTIMONY AND CASE-IN-CHIEF.


 Texas courts adhere to the two-pronged test announced in Strickland v. Washington,
466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under Strickland, it is the
appellant's burden to show that (1) trial counsel's performance was deficient, and (2) a
reasonable probability that, but for trial counsel's deficient performance, the result of the
proceeding would have been different. See Thompson v. State, 9 S.W.3d 808, 812 (Tex.
Crim. App. 1999). Furthermore, any assessment of an ineffective counsel claim must be
made according to the facts of each case. Id. at 813. Any particular allegation of
ineffectiveness must be firmly founded in the record, and the record must affirmatively
demonstrate the alleged ineffectiveness. Id. Failure to make the required showing of
either deficient performance or sufficient prejudice defeats the ineffectiveness claim. Id. 
The appellant bears the burden of proving by a preponderance of the evidence that counsel
was ineffective. Id. Appellant must overcome the presumption that, under the
circumstances, the challenged action might be considered sound trial strategy. See Tong
v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000), cert. denied, 532 U.S. 1053, 121
S.Ct. 2196, 149 L.Ed.2d 1027 (2001). Lastly, when examining an appellant's claim of
ineffective assistance of counsel the reviewing court must be highly deferential to trial
counsel and avoid the deleterious effects of hindsight. Thompson, 9 S.W.3d at 813. 
Indeed, the reviewing court engages in a strong presumption that counsel's actions fell
within the wide range of reasonable professional assistance. Id. 

 The indictment in the instant case alleged that Guillory "did then and there 
intentionally and knowingly cause the death of an individual, namely:[complainant], . . .
by strangling Complainant by means unknown to the Grand Jury, . . ." The testimony of
the forensic pathologist, Dr. Tommy Brown, established the cause of death, via autopsy,
as "asphyxiation due to strangulation." Dr. Brown testified that the complainant's death
was not due to accident but was in fact a homicide. Guillory testified in his own defense
and fully admitted to having struck the complainant several times during the course of a
fight but consistently denied ever having choked or strangled complainant, his live-in
girlfriend. He also repeatedly stated that the blows he inflicted upon the complainant could
not have, in his opinion, been the cause of her death. In essence, appellant testified that,
regardless of his actions on the day in question, he was absolutely not the instrument of
the complainant's death. Trial counsel requested an instruction to the jury on "accident." 
Said instruction appears of record as follows: 

 ACCIDENT (INVOLUNTARY ACT OR OMISSION):


 You are instructed that a person commits an offense only if he
voluntarily engages in conduct, including an act, omission, or possession. 
Conduct is not rendered involuntary merely because the person did not
intend the results of his conduct. 


 Therefore, if you believe from the evidence beyond a reasonable
doubt that on the occasion in question, the defendant did cause the death of
the complainant by strangling complainant with means unknown to the Grand
Jury, as alleged in the indictment, but you further believe from the evidence,
or you have a reasonable doubt thereof, that the death was not the result of
a voluntary act or conduct of the defendant, you will acquit the defendant
and say by your verdict "not guilty". [sic] 


 Guillory's first issue complains that trial counsel's failure to request a jury charge
on the lesser-included offense of criminally negligent homicide rendered his assistance
ineffective. An accused is entitled to a lesser-included offense instruction if: (1) the lesser-included offense must be included within the proof necessary to establish the offense
charged, and (2) some evidence must exist in the record that would permit a jury rationally
to find that if the defendant is guilty, he is guilty only of the lesser-included offense. 
Wesbrook v. State, 29 S.W.3d 103, 113 (Tex. Crim. App. 2000), cert. denied, 532 U.S.
944, 121 S.Ct. 1407, 149 L.Ed.2d 349 (2001); Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex. Crim. App. 1993). The evidence must establish the lesser-included offense as
a valid rational alternative to the charged offense. Wesbrook, 29 S.W.3d at 113; Arevalo
v. State, 943 S.W.2d 887, 889 (Tex. Crim. App. 1997). Significantly for our purposes,
an accused's own testimony that he committed no offense, or testimony which otherwise
shows that no offense occurred at all, is not adequate to raise the issue of a lesser-included
offense. Lofton v. State, 45 S.W.3d 649, 652 (Tex. Crim. App. 2001). 

 In the instant case, the State's evidence that asphyxiation occurred due to
strangulation was entirely circumstantial. The State's evidence raised the reasonable
inference that at some point during their fight Guillory somehow managed to use the shirt
the complainant was wearing when she was last seen alive to strangle her by using the
shirt's neckline pulled tightly around her neck until the blood supply to her brain was cut
off. Guillory's testimony indicated that about three hours after the fight he awoke from
a nap and found the complainant in the bathroom kneeling on the floor with her head inside
a trash can and she was unconscious. All subsequent attempts to revive her proved
fruitless. In essence, all of the State's evidence pointed to an intentional act on the part
of Guillory. 

 Guillory's testimony was to the effect that while he struck the complainant
repeatedly about her head and body, at no time did he choke or strangle her during their
fight, and that she was alive prior to him falling asleep. In his brief, Guillory argues the
criminal negligence homicide instruction was warranted because "Guillory's testimony is
evidence a jury could use to conclude that Guillory committed an act, hitting [the
complainant], that caused her death by causing her to pass out in the trash can after he fell
asleep." This scenario is not, however, a valid rational alternative to the charged offense
in that Dr. Brown's testimony completely discounted the possibility of the complainant's
death being accidental, with the trash can not factoring into the death at all. The record
is simply devoid of any evidence that would permit a jury rationally to find that if Guillory
was guilty, he was only guilty of criminal negligent homicide. Appellant's first issue is
overruled.

 With regard to his second issue, Guillory's brief is a bit confusing. The wording
of the issue itself complains of trial counsel's final arguments in both the guilt/innocence
and punishment phases of the trial. However, in explaining his complaint, Guillory
appears to focus only on the punishment phase argument, contending that said argument
"undercut" Guillory's punishment phase testimony. Appellate counsel then sums up the
issue by stating, "Trial counsel's request for an instruction on sudden passion in the
punishment a [sic] phase of the trial also undercut Guillory's testimony, discredited his
defense, and was ineffective assistance." Is appellate counsel claiming ineffective
assistance because of jury argument, and if so which phase; or is the complaint that
Guillory was somehow harmed by trial counsel's request, and inclusion, of the "sudden
passion" instruction?

 We find no need to engage in a substantive analysis of issue two because it is
essentially a disagreement by appellate counsel of the defense strategy used by trial
counsel. While the record indicates appellate counsel filed a motion for new trial no
hearing was held so as to get to the root of trial counsel's trial strategy. As has been noted
on numerous occasions, an appellate court is not required to indulge in speculation
concerning counsel's decision-making processes or to imagine reasons why counsel acted
or failed to act in a particular manner. See Jackson v. State, 877 S.W.2d 768, 771 (Tex.
Crim. App. 1994). Therefore, when the record is silent as to trial counsel's reasons for
performing or failing to perform in the manner alleged, we cannot conclude that counsel's
performance was deficient. Id. As the Court of Criminal Appeals has pointed out, the
record on direct appeal is generally insufficient to show that counsel's performance was
so deficient as to meet the first part of the Strickland standard. See Mitchell v. State, 68
S.W.3d 640, 642 (Tex. Crim. App. 2002); Thompson, 9 S.W.3d at 813-14.

 In the instant case, other than the very obvious attempt to reduce Guillory's
punishment exposure to a second degree felony, normally a very sound trial strategy, we
will not speculate as to trial counsel's reasons for requesting such a punishment phase jury
instruction. Once received, it was certainly proper for trial counsel to argue for the lesser
punishment from the jury. We have examined the record from both the guilt/innocence
and punishment phases and cannot say that trial counsel engaged in any inappropriate trial
strategy. Simply because appellate counsel, on hindsight, disagrees with the actions, or
omissions, of trial counsel does not permit a finding of ineffective assistance of counsel. 
Guillory has not met his burden to show either deficient performance by trial counsel or
any reasonable likelihood that the results of his trial would have been different. Issue two
is overruled. The judgment and sentence of the trial court are affirmed.

 AFFIRMED. 


 PER CURIAM



Submitted on January 29, 2003

Opinion Delivered February 5, 2003

Do Not Publish 


Before McKeithen, C.J., Burgess and Gaultney, JJ.