TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00062-CR







The State of Texas, Appellant



v.



Harold Lloyd Hoffman, Appellee






FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT


NO. 19,760, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING






The State appeals an order of the district court granting appellee Harold Lloyd
Hoffman's motion to quash the indictment in this cause. See State v. Moreno, 807 S.W.2d 327,
334 (Tex. Crim. App. 1991); Tex. Code Crim. Proc. Ann. art. 44.01(a)(1) (West Supp. 1999). 
The indictment alleges that on or about August 27, 1998, Hoffman


did then and there having been convicted of the felony offense of Theft, in cause
number 17,799 in the District Court of Milam County, Texas, . . . on the docket
of said Court and entitled The State of Texas vs. Harold Hoffman, intentionally and
knowingly possess a firearm before the fifth anniversary of the defendant's release
from supervision under parole following the conviction of said felony . . . .



See Tex. Penal Code Ann. § 46.04(a)(1) (West 1994). Hoffman successfully moved to quash the
indictment on the ground that it does not allege an offense. Because this is a question of law, we
review the district court's ruling de novo. See Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim.
App. 1997).

Section 46.04 prohibits the possession of firearms by convicted felons under certain
circumstances. Section 46.04(a) reads in part:


A person who has been convicted of a felony commits an offense if he
possesses a firearm:


(1) after conviction and before the fifth anniversary of the person's release
from confinement following conviction of the felony or the person's release from
supervision under community supervision, parole, or mandatory supervision,
whichever date is later . . . .



It is Hoffman's contention that the statute should be read to prohibit the possession of a firearm
by a felon (1) for a period of five years following the felon's release from confinement after
conviction or (2) while the convicted felon is on community supervision, parole, or mandatory
supervision, whichever is later. (1) Under Hoffman's interpretation, section 46.04(a)(1) does not
prohibit a felon's possession of a firearm for a five-year period following his release from
supervision. Instead, Hoffman urges that a convicted felon may lawfully possess a firearm
following his release from supervision provided more than five years have passed since his release
from confinement.

The State argues that Hoffman's interpretation of the statute departs from the literal
text of the statute and fails to give effect to its plain meaning. See Rent v. State, 982 S.W.2d 382,
385 (Tex. Crim. App. 1998); Boykin v. State, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). 
According to the State, section 46.04(a)(1) prohibits the possession of a firearm by a convicted
felon (1) for a period of five years following the felon's release from confinement or (2) for a
period of five years following the felon's release from supervision under community supervision,
parole, or mandatory supervision, whichever is later. We agree with the State's reading of the
statute.

When a statute is clear and unambiguous, a court must give effect to its plain
meaning unless to do so would lead to absurd consequences that the legislature could not possibly
have intended. Boykin, 818 S.W.2d at 785. Section 46.04(a)(1) clearly prohibits the possession
of a firearm by a convicted felon before the fifth anniversary of his release from supervision. This
Court is not permitted to depart from the literal language of section 46.04(a)(1) and effectively
amend the statute to eliminate this provision. Hoffman's only justification for departing from the
statute's plain language is that it is necessary to give effect to the phrase "whichever date is later." 
Hoffman argues that because a convicted felon must be released from custody before he can be
placed on community supervision, parole, or mandatory supervision, the fifth anniversary of his
release from supervision will always be later than the fifth anniversary of his release from
confinement. This argument misapprehends the purpose served by the phrase in question.

We agree that section 46.04(a)(1) is not a model of draftsmanship. Nonetheless,
we believe it is subject to only one reasonable interpretation. Because supervision will always be
"later" than confinement (or in lieu thereof), the phrase "whichever date is later" conveys the
meaning that a convicted felon is prohibited from possessing a firearm until five years after his
release from confinement unless he serves community supervision, parole, or mandatory
supervision after or in lieu of confinement, in which case the prohibition continues until five years
after his release from supervision. Applying section 46.04(a)(1) as written does not render any
portion of the statute superfluous or redundant.

The indictment in this cause alleges that Hoffman intentionally and knowingly
possessed a firearm before the fifth anniversary of his release from supervision under parole
following his felony conviction for theft. This allegation states an offense under the clear and
unambiguous language of section 46.04(a)(1). The district court erred by ruling otherwise.

The district court's order quashing the indictment is reversed and the cause is
remanded for further proceedings.



 

 J. Woodfin Jones, Justice

Before Justices Jones, B. A. Smith and Yeakel

Reversed and Remanded

Filed: August 26, 1999

Publish
1. Hoffman did not file a brief in this Court. Our understanding of Hoffman's contentions is
derived from his motion to quash and his arguments before the district court. 


Section 46.04 prohibits the possession of firearms by convicted felons under certain
circumstances. Section 46.04(a) reads in part:


A person who has been convicted of a felony commits an offense if he
possesses a firearm:


(1) after conviction and before the fifth anniversary of the person's release
from confinement following conviction of the felony or the person's release from
supervision under community supervision, parole, or mandatory supervision,
whichever date is later . . . .



It is Hoffman's contention that the statute should be read to prohibit the possession of a firearm
by a felon (1) for a period of five years following the felon's release from confinement after
conviction or (2) while the convicted felon is on community supervision, parole, or mandatory
supervision, whichever is later. (1) Under Hoffman's interpretation, section 46.04(a)(1) does not
prohibit a felon's possession of a firearm for a five-year period following his release from
supervision. Instead, Hoffman urges that a convicted felon may lawfully possess a firearm
following his release from supervision provided more than five years have passed since his release
from confinement.

The State argues that Hoffman's interpretation of the statute departs from the literal
text of the statute and fails to give effect to its plain meaning. See Rent v. State, 982 S.W.2d 382,
385 (Tex. Crim. App. 1998); Boykin v. State, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). 
According to the State, section 46.04(a)(1) prohibits the possession of a firearm by a convicted
felon (1) for a period of five years following the felon's release from confinement or (2) for a
period of five years following the felon's release from supervision under community supervision,
parole, or mandatory supervision, whichever is later. We agree with the State's reading of the
statute.

When a statute is clear and unambiguous, a court must give effect to its plain
meaning unless to do so would lead to absurd consequences that the legislature could not possibly
have intended. Boykin, 818 S.W.2d at 785. Section 46.04(a)(1) clearly prohibits the possession
of a firearm by a convicted felon before the fifth anniversary of his release from