COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-059-CR
 
JON KEITH KAUFFMAN           
           
           
           
           
APPELLANT
V.
THE STATE OF TEXAS           
           
           
           
           
    STATE
------------
FROM THE 355
TH DISTRICT COURT OF HOOD
COUNTY
------------
MEMORANDUM OPINION(1)
------------
On January 31, 2002, a jury convicted appellant Jon Keith
Kauffman of unlawful possession of a firearm by a felon. In three issues on
appeal, appellant alleges the trial court erred in denying his request for an
instruction on the lesser included misdemeanor offense of unlawfully carrying a
weapon; the trial court erred in admitting over objection State's Exhibit #8,
which contained evidence of appellant's prior felony offense; and there was a
fatal variance between the State's trial evidence on the prior conviction and
confinement and the allegations in the indictment. We affirm.
To show that appellant had been convicted of a prior felony conviction,
the State offered into evidence Exhibit #8, which included, among other things,
an abstract of judgment from California showing that appellant had committed the
felony offense of grand theft. Although appellant raised several objections to
Exhibit #8 at trial, in issue two he only challenges the admission of State's
Exhibit #8 on the grounds that the abstract of judgment and other documents were
not properly under seal and were internally inconsistent and incomplete and that
admission of the documents violated rule 403 of the rules of evidence. Tex. R.
Evid. 403. Thus, we address only these complaints on appeal.
First, appellant complains that the documents were not properly under
seal. The only argument in appellant's brief that can be construed as supporting
this point is the statement that "[i]f the State wishes to prove a previous
conviction through documentation alone, it should be required to use certified
documents from the court of rendition." Appellant provides no legal support
for this position. Thus, we overrule it as inadequately briefed. See
Tex. R. App. P. 38.1(h); Mosley v. State, 983 S.W.2d 249,
256 (Tex. Crim. App. 1998) (op. on reh'g), cert. denied,
526 U.S. 1070 (1999).
In his remaining arguments on issue one, appellant complains that the
abstract of judgment, which shows that he had been convicted of grand theft on
April 24, 1981, and sentenced on December 13, 1996, was internally inconsistent
and incomplete and more prejudicial than probative; thus, it should not have
been admitted into evidence.
Appellant was convicted under section 46.04(a) of the penal code. Tex.
Penal Code Ann. § 46.04(a) (Vernon 2003). Under section 46.04(a):

         A person who has been
 convicted of a felony commits an offense if he possesses a firearm:
         (1) after conviction and
 before the fifth anniversary of the person's release from confinement
 following conviction of the felony or the person's release from supervision
 under community supervision, parole, or mandatory supervision, whichever date
 is later.

Id. Thus, the State needed to show that appellant had
previously been convicted of a felony and that his possession of the firearm
occurred within five years of the time he was released from confinement for that
felony. State v. Hoffman, 999 S.W.2d 573, 575 (Tex.
App.--Austin 1999, no pet.).
The admissibility of evidence is within the sound discretion of the
trial court. Hayes v. State, 85 S.W.3d 809, 815 (Tex. Crim.
App. 2002). Rule 403 of the Texas Rules of Evidence states:

         Although relevant,
 evidence may be excluded if its probative value is substantially outweighed by
 the danger of unfair prejudice, confusion of the issues, or misleading the
 jury, or by considerations of undue delay, or needless presentation of
 cumulative evidence.

Tex. R. Evid. 403. Rule 403 favors the admission of relevant evidence
and carries a presumption that relevant evidence will be more probative than
prejudicial. Montgomery v. State, 810 S.W.2d 372, 376
(Tex. Crim. App. 1990). The trial court's decision will not be disturbed on
appeal unless it falls outside the zone of reasonable disagreement. Jones
v. State, 944 S.W.2d 642, 651 (Tex. Crim. App. 1996), cert.
denied, 522 U.S. 832 (1997).
The abstract in this case was relevant to the issue before the trial
court and jury, a fact appellant does not dispute. See
Tex. R. Evid. 401, 402. Furthermore, we agree with the Texarkana Court of
Appeals that an abstract of judgment showing the cause number, the defendant's
name, a statement that the defendant was found guilty of a felony and sentenced,
and the judge's signature can be considered the functional equivalent of a
judgment and sentence. See Mitchell v. State, 848 S.W.2d
917, 918 (Tex. App.--Texarkana 1993, pet. ref'd). Exhibit #8 contains all this
information, except the signature of the presiding judge. Instead the abstract
contains the name of the presiding judge and is signed by a deputy, who
certifies "the foregoing to be a correct abstract of the judgment made in
this action." The abstract is also certified by Pamela Jenkins, the
"Correctional Case Records Administrator for the California Department of
Corrections," to be a "correct" copy of the original abstract.(2)
We do not believe that the lack of the judge's signature is detrimental under
these circumstances. See Jones v. State, 449 S.W.2d 277,
278 (Tex. Crim. App. 1970) (upholding use of authenticated prison records
showing sentence but no signed judgment as proper evidence to prove prior
conviction).
Although it is odd that appellant was convicted of grand theft in 1981
and sentenced in 1996, if anything this anomaly affects the weight to be given
the evidence, which is a matter left to the trier of fact to consider.
Similarly, appellant's challenge to the evidence as being inconsistent and
contradictory also involves a matter of weight and not admissibility. See
Stoker v. State, 788 S.W.2d 1, 10 (Tex. Crim. App. 1989) ("Any
discrepancy in the testimony goes only to the weight of the evidence and not its
admissibility."), cert. denied, 498 U.S. 951 (1990).
Thus, we hold the trial court did not abuse its discretion in admitting the
abstract of judgment into evidence. We overrule appellant's second issue.
In appellant's third issue, he argues that there is a fatal variance
between the State's documentary evidence of his conviction for grand theft and
the indictment. The indictment in this case alleges that appellant was convicted
of grand theft on December 13, 1996. The abstract of judgment states, however,
that he was convicted on April 24, 1981, and sentenced on December 13, 1996.
Appellant contends that this variance was fatal because, as a result of it, the
State failed "to prove the elements of a final, prior conviction or that
[appellant] had been legally confined on that conviction less than five years
from the date of his arrest."
According to the Texas Court of Criminal Appeals:

 A variance between the wording of an indictment and the evidence
 presented at trial is fatal only if "it is material and prejudices [the
 defendant's] substantial rights." When reviewing such a variance, we must
 determine whether the indictment, as written, informed the defendant of the
 charge against him sufficiently to allow him to prepare an adequate defense at
 trial, and whether prosecution under the deficiently drafted indictment would
 subject the defendant to the risk of being prosecuted later for the same
 crime.

Gollihar v. State, 46 S.W.3d 243, 257 (Tex. Crim. App. 2001)
(quoting United States v. Sprick, 233 F.3d 845, 853 (5th
Cir. 2000)).
Under section 46.04(a) of the penal code, the date of the prior
conviction is not an element of the offense. Tex. Penal Code Ann. § 46.04(a); State
v. Mason, 980 S.W.2d 635, 641 (Tex. Crim. App. 1998). Only the defendant's
status as a felon is an element of the offense. Mason, 980
S.W.2d at 641. As a result, any discrepancy between the date of the prior
offense alleged in the indictment and the date proven at trial only affects the
strength of the evidence showing that the defendant possessed a firearm within
five years of his release from confinement. See Tex. Penal
Code Ann. § 46.04(a)(1). The discrepancy would not be fatal to the defendant's
substantial rights, but is a matter to be weighed by the trier of fact. Thus, we
hold that the variance between the indictment and the abstract of judgment did
not affect appellant's substantial rights and that the trial court did not err
in denying appellant's objection to the admission of the abstract of judgment
into evidence. We overrule issue three.
In appellant's first issue, he argues that the trial court erred in
denying his request for a jury instruction on the lesser included offense of
unlawfully carrying a weapon. A defendant is entitled to a lesser included
offense instruction if: (1) the lesser included offense must be included within
the proof necessary to establish the offense charged; and (2) some evidence
exists in the record that would permit a jury rationally to find that if the
defendant is guilty, he is guilty only of the lesser included offense. Lofton
v. State, 45 S.W.3d 649, 651 (Tex. Crim. App. 2001). To determine whether a
jury must be charged on a lesser included offense, we apply a two-step analysis.
Moore v. State, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998).
The first step is to decide whether the offense is a "lesser included
offense" as defined in article 37.09 of the code of criminal procedure.
Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon 1981); Moore,
969 S.W.2d at 8.
The State concedes, and we agree, that "unlawful carrying of a
weapon" is a lesser included offense of unlawful possession of a firearm by
a felon. See Yeager v. State, 737 S.W.2d 948, 952 (Tex.
App.--Fort Worth 1987, no pet.); compare Tex. Penal Code
Ann. § 46.02 with § 46.04. Thus, in deciding whether the
trial court should have provided appellant with the lesser included offense
instruction, we must determine whether there is some evidence that would permit
a rational jury to find that the defendant is guilty only of the lesser offense
and not of the greater offense. Lofton, 45 S.W.3d at 652; Moore,
969 S.W.2d at 8. The evidence must be evaluated in the context of the entire
record. Moore, 969 S.W.2d at 8. There must be some
evidence from which a rational jury could acquit the defendant on the greater
offense while convicting him of the lesser included offense. Id.
We may not consider whether the evidence is credible, controverted, or in
conflict with other evidence. Id. If there is evidence
from any source that negates or refutes the element establishing the greater
offense, or if the evidence is so weak that it is subject to more than one
reasonable inference regarding the aggravating element, the jury should be
charged on the lesser included offense. Schweinle v. State,
915 S.W.2d 17, 19 (Tex. Crim. App. 1996); Saunders v. State,
840 S.W.2d 390, 391-92 (Tex. Crim. App. 1992).
The evidence showed that appellant was sentenced for the offense of
grand theft, a felony, to sixteen months' confinement in December 1996. The date
of the sentence is within five years of his date of arrest in January 2001. See
Tex. Penal Code Ann. § 46.04(a)(1). Upon reviewing the record in this case, we
hold that the evidence supporting the findings that appellant was a
"felon" at the time he possessed the firearm and that he possessed the
firearm within five years of his date of confinement have not been negated by
any other evidence, nor is the evidence so weak that a jury could not find that
appellant was in fact guilty of the charged offense. Thus, there is no evidence
that, if appellant is guilty, he is guilty only of unlawfully carrying a weapon.
We overrule appellant's first issue.
We affirm the trial court's judgment.
                                                                       
PER CURIAM
 
PANEL F: DAY, J.; CAYCE, C.J; and LIVINGSTON, J.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
[DELIVERED: MARCH 6, 2003]

1. See Tex. R. App. P. 47.4.
2. Judge Richard Park certified under the seal of the
Superior Court of California, County of Sacramento, that Pamela Jenkins is a
legal custodian of the records of the California Department of Corrections. See
Tex. R. Evid. 902(2).