JON KEITH KAUFFMAN V. THE STATE OF TEXAS

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-059-CR

JON KEITH KAUFFMAN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355
TH
 DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

On January 31, 2002, a jury convicted appellant Jon Keith Kauffman of unlawful possession of a firearm by a felon.  In three issues on appeal, appellant alleges the trial court erred in denying his request for an instruction on the lesser included misdemeanor offense of unlawfully carrying a weapon; the trial court erred in admitting over objection State’s Exhibit #8, which contained evidence of appellant’s prior felony offense; and there was a fatal variance between the State’s trial evidence on the prior conviction and confinement and the allegations in the indictment.  We affirm.

To show that appellant had been convicted of a prior felony conviction, the State offered into evidence Exhibit #8, which included, among other things, an abstract of judgment from California showing that appellant had committed the felony offense of grand theft.  Although appellant raised several objections to Exhibit #8 at trial, in issue two he only challenges the admission of State’s Exhibit #8 on the grounds that the abstract of judgment and other documents were not properly under seal and were internally inconsistent and incomplete and that admission of the documents violated rule 403 of the rules of evidence. 
Tex. R. Evid.
 403.  Thus, we address only these complaints on appeal.

First, appellant complains that the documents were not properly under seal.  The only argument in appellant’s brief that can be construed as supporting this point is the statement that “[i]f the State wishes to prove a previous conviction through documentation alone, it should be required to use certified documents from the court of rendition.”  Appellant provides no legal support for this position.  Thus, we overrule it as inadequately briefed.  
See
 
Tex. R. App. P.
 38.1(h); 
Mosley v. State
, 983 S.W.2d 249, 256 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
, 526 U.S. 1070 (1999). 

In his remaining arguments on issue one, appellant complains that the abstract of judgment, which shows that he had been convicted of grand theft on April 24, 1981, and sentenced on December 13, 1996, was internally inconsistent and incomplete and more prejudicial than probative; thus, it should not have been admitted into evidence.

Appellant was convicted under section 46.04(a) of the penal code.  
Tex. Penal Code Ann.
 § 46.04(a) (Vernon 2003).  Under section 46.04(a):

A person who has been convicted of a felony commits an offense if he possesses a firearm:

(1) after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later.  

   

Id. 
 Thus, the State needed to show that appellant had previously been convicted of a felony and that his possession of the firearm occurred within five years of the time he was released from confinement for that felony.
  State v. Hoffman
, 999 S.W.2d 573, 575 (Tex. App.—Austin 1999, no pet.).

The admissibility of evidence is within the sound discretion of the trial court.  
Hayes v. State
, 85 S.W.3d 809, 815 (Tex. Crim. App. 2002).  Rule 403 of the Texas Rules of Evidence states:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.

Tex. R. Evid.
 403.  Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial.  
Montgomery v. State
, 810 S.W.2d 372, 376 (Tex. Crim. App. 1990).  The trial court's decision will not be disturbed on appeal unless it falls outside the zone of reasonable disagreement.  
Jones v. State
, 944 S.W.2d 642, 651 (Tex. Crim. App. 1996), 
cert. denied
, 522 U.S. 832 (1997).

 The abstract in this case was relevant to the issue before the trial court and jury, a fact appellant does not dispute.  
See
 
Tex. R. Evid.
 401, 402. Furthermore, we agree with the Texarkana Court of Appeals that an abstract of judgment showing the cause number, the defendant's name, a statement that the defendant was found guilty of a felony and sentenced, and the judge's signature can be considered the functional equivalent of a judgment and sentence.  
See Mitchell v. State
, 848 S.W.2d 917, 918 (Tex. App.—Texarkana 1993, pet. ref'd).  Exhibit #8 contains all this information, except the signature of the presiding judge.  Instead the abstract contains the name of the presiding judge and is signed by a deputy, who certifies “the foregoing to be a correct abstract of the judgment made in this action.”  The abstract is also certified by Pamela Jenkins, the “Correctional Case Records Administrator for the California Department of Corrections,” to be a “correct” copy of the original abstract.
(footnote: 2)  We do not believe that the lack of the judge’s signature is detrimental under these circumstances.  
See Jones v. State
, 449 S.W.2d 277, 278 (Tex. Crim. App. 1970) (upholding use of authenticated prison records showing sentence but no signed judgment as proper evidence to prove prior conviction).

Although it is odd that appellant was convicted of grand theft in 1981 and sentenced in 1996, if anything this anomaly affects the weight to be given the evidence, which is a matter left to the trier of fact to consider.  Similarly,

appellant’s challenge to the evidence as being inconsistent and contradictory also involves a matter of weight and not admissibility.  
See Stoker v. State
, 788 S.W.2d 1, 10 (Tex. Crim. App. 1989) (“Any discrepancy in the testimony goes only to the weight of the evidence and not its admissibility.”), 
cert. denied
, 498 U.S. 951 (1990).  Thus, we hold the trial court did not abuse its discretion in admitting the abstract of judgment into evidence.  We overrule appellant’s second issue.

In appellant’s third issue, he argues that there is a fatal variance between the State’s documentary evidence of his conviction for grand theft and the indictment.  The indictment in this case alleges that appellant was convicted of grand theft on December 13, 1996.  The abstract of judgment states, however, that he was convicted on April 24, 1981, and sentenced on December 13, 1996.  Appellant contends that this variance was fatal because, as a result of it, the State failed “to prove the elements of a final, prior conviction or that [appellant] had been legally confined on that conviction less than five years from the date of his arrest.”

According to the Texas Court of Criminal Appeals:

A variance between the wording of an indictment and the evidence presented at trial is fatal only if “it is material and prejudices [the defendant's] substantial rights.”  When reviewing such a variance, we must determine whether the indictment, as written, informed the defendant of the charge against him sufficiently to allow him to prepare an adequate defense at trial, and whether prosecution under the deficiently drafted indictment would subject the defendant to the risk of being prosecuted later for the same crime.  

Gollihar v. State
, 46 S.W.3d 243, 257 (Tex. Crim. App. 2001) (quoting
 United States v. Sprick
, 233 F.3d 845, 853 (5th Cir. 2000)).  

Under section 46.04(a) of the penal code, the date of the prior conviction is not an element of the offense.  
Tex. Penal Code Ann. 
§ 46.04(a); 
State v. Mason
, 980 S.W.2d 635, 641 (Tex. Crim. App. 1998).  Only the defendant’s status as a felon is an element of the offense.
  Mason
, 980 S.W.2d at 641.
  
As a result, any discrepancy between the date of the prior offense alleged in the indictment and the date proven at trial only affects the strength of the evidence showing that the defendant possessed a firearm within five years of his release from confinement.  
See
 
Tex. Penal Code Ann. 
§ 46.04(a)(1).  The discrepancy would not be fatal to the defendant’s substantial rights, but is a matter to be weighed by the trier of fact.  Thus, we hold that the variance between the indictment and the abstract of judgment did not affect appellant’s substantial rights and that the trial court did not err in denying appellant’s objection to the admission of the abstract of judgment into evidence.  We overrule issue three.

In appellant’s first issue, he argues that the trial court erred in denying his request for a jury instruction on the lesser included offense of unlawfully carrying a weapon.  A defendant is entitled to a lesser included offense instruction if:  (1) the lesser included offense must be included within the proof necessary to establish the offense charged; and (2) some evidence exists in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser included offense.  
Lofton v. State
, 45 S.W.3d 649, 651 (Tex. Crim. App. 2001).  
To determine whether a jury must be charged on a lesser included offense, we apply a two-step analysis.  
Moore v. State
, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998).  The first step is to decide whether the offense is a “lesser included offense” as defined in article 37.09 of the code of criminal procedure.  
Tex. Code Crim. Proc. Ann.
 art. 37.09 (Vernon 1981); 
Moore
, 969 S.W.2d at 8.  

The State concedes, and we agree, that “unlawful carrying of a weapon”

is a lesser included offense of unlawful possession of a firearm by a felon.
 
 See Yeager v. State
, 737 S.W.2d 948, 952 (Tex. App.—Fort Worth 1987, no pet.); 
compare
 
Tex. Penal Code Ann. 
§ 46.02 
with
 § 46.04.  Thus, in deciding whether the trial court should have provided appellant with the lesser included offense instruction, we must 
determine whether there is some evidence that would permit a rational jury to find that the defendant is guilty only of the lesser offense and not of the greater offense. 
 Lofton
, 45 S.W.3d at 652;
 Moore
, 969 S.W.2d at 8.  
The evidence must be evaluated in the context of the entire record.  
Moore
, 969 S.W.2d at 8.  There must be some evidence from which a rational jury could acquit the defendant on the greater offense while convicting him of the lesser included offense.  
Id.  
We may not consider whether the evidence is credible, controverted, or in conflict with other evidence.  
Id.
  If there is evidence from any source that negates or refutes the element establishing the greater offense, or if the evidence is so weak that it is subject to more than one reasonable inference regarding the aggravating element, the jury should be charged on the lesser included offense. 
 Schweinle v. State,
 915 S.W.2d 17, 19 (Tex. Crim. App. 1996); 
Saunders v. State
, 840 S.W.2d 390, 391-92 (Tex. Crim. App. 1992).
 

The evidence showed that appellant was sentenced for the offense of grand theft, a felony, to sixteen months’ confinement in December 1996.  The date of the sentence is within five years of his date of arrest in January 2001.  
See
 
Tex. Penal Code Ann. 
§ 46.04(a)(1).  Upon reviewing the record in this case, we hold that the evidence supporting the findings that appellant was a “felon” at the time he possessed the firearm and that he possessed the firearm within five years of his date of confinement have not been negated by any other evidence, nor is the evidence so weak that a jury could not find that appellant was in fact guilty of the charged offense.  Thus, there is no evidence that, if appellant is guilty, he is guilty only of unlawfully carrying a weapon.  We overrule appellant’s first issue.

We affirm the trial court’s judgment.   
 

PER CURIAM

PANEL F: DAY, J.; CAYCE, C.J; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

[DELIVERED: MARCH 6, 2003]

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Judge Richard Park certified under the seal of the Superior Court of California, County of Sacramento, that Pamela Jenkins is a legal custodian of the records of the California Department of Corrections.  
See
 
Tex. R. Evid.
 902(2).