Morris Louis LOFTON, Appellant,

v.

The STATE of Texas.

No. 0085–00.

Court of Criminal Appeals of Texas.

May 2, 2001.

Michael W. Metz, Temple, for appellant.

James T. Russell, Assistant District Attorney, Belton, Matthew Paul, State's Attorney, Austin, for the State.

## OPINION

A jury convicted appellant of assault on a public servant, sentenced appellant to confinement for 10 years, and ordered him to pay a $3000 fine. *See* TEX. PEN. CODE § 22.01(b)(1).[1] The Third Court of Ap-

---

1.  Section 22.01(a)(1) states: A person commits an offense if the person intentionally, knowingly or recklessly causes bodily injury to another.

peals reversed appellant's conviction and remanded him to the custody of the Bell County sheriff. *See Lofton v. State,* 6 S.W.3d 796 (Tex.App.—Austin 1999). The court of appeals concluded that appellant presented sufficient evidence to raise the issue of the lesser offense of resisting arrest, that the trial court erred in refusing appellant's requested instruction on that lesser included offense, and that appellant suffered "some harm" from this refusal. *See id* at 800. We granted the State's petition to review the Third Court of Appeals's conclusion that appellant was entitled to an instruction on the lesser-included offense of resisting arrest. We will reverse their decision.

The facts show that the Temple Police responded to a call of a domestic disturbance on June 23, 1997. Pete Munoz and Marvin Elliott were the police officers who answered the call to 809 East Houston Street, and they were both dressed in uniform. When they arrived at the scene, they were met by a "Ms. Harmon." Elliott testified that Ms. Harmon "obviously had some injuries to her face and body", and advised Elliott and Munoz that "she had been in a disturbance." When Elliott and Munoz entered the residence, they observed appellant sitting on a couch who seemed to be "quite upset, belligerent." As Ms. Harmon tried to tell Elliott and Munoz what had happened, appellant kept interrupting her by "screaming and hollering." Elliott also observed that an elderly female in a wheelchair and a younger female were both in the kitchen of the residence. Munoz testified that while Elliott was trying to talk to Ms. Harmon, appellant was "agitated and raising his voice, ... using obscenities.... would not allow

the officer to talk to the complainant to try to find out exactly—when she was talking he would raise his voice, call her a liar and use some profanity, whatnot." Ms. Harmon told the officers that she wished to file charges on appellant and she requested that the officers arrest appellant for assault with a bodily injury. Elliott then informed appellant that he was being placed under arrest for assault with bodily injury on Ms. Harmon. In an attempt to gain control of the situation, Officer Elliott requested Officer Munoz to take appellant into custody and "get him out of the residence."

When he attempted to arrest appellant, appellant slapped Munoz's hands away. Munoz stated that appellant told him, "You're not arresting me, you'll have to kill me." Munoz saw that appellant was close to the woman in the wheelchair. At first, Munoz pulled out his can of mace. But he put it back in its holder on his belt when he had second thoughts about using the mace "because of the nurse and the lady in the wheelchair and the fact that it was a small area." Appellant turned from Munoz and "left at a good pace." Munoz was "concerned that if [appellant] got into an area that I've not looked in and possibly could have a weapon or some, some other thing to, to try to use on me."

When Munoz pressed forward to restrain appellant, appellant struck Munoz twice in the face. The second time, appellant knocked Munoz's glasses off his face and across the room. Munoz then picked up appellant and threw him down on a kitchen table, breaking the table, and landed on top of appellant. Munoz placed appellant in handcuffs. Munoz testified

---

Section 22.01 (b)(1) further states:
An offense under Subsection (a)(1) ... is a felony of the third degree if the offense is committed against ... a person the actor knows is a public servant while the public servant is lawfully discharging an official duty.

that he suffered pain and a cut on his face when appellant struck him.

Officer Elliott supported Munoz's testimony, stating that he saw appellant strike Munoz twice in the face with a "doubled-up fist." Elliott also testified that, based on his observations, he believed appellant intentionally struck Munoz. Elliott stated it did not appear to be accidental.

Appellant took the stand to testify in his own defense. Appellant flatly denied that he struck Officer Munoz. He denied touching either officer at all. Appellant also testified that he "didn't feel I was resisting or nothing like that. I didn't want to because I know that would not be right. I was just merely stating that I hadn't done anything wrong." This was the extent of appellant's testimony.

Appellant raised only one issue before the court of appeals. He claimed that "the trial court erred in refusing to submit appellant's specially requested instruction No. 1 on the lesser included offense of resisting arrest." The court of appeals concluded that "from the evidence before it, the jury could have rationally believed that appellant intended to obstruct the arrest and the force he used was incident to that intent." *Lofton*, 6 S.W.3d at 800. We disagree with this conclusion.

■ To determine if a defendant is entitled to a lesser-included offense instruction, a two prong test applies: (1) the lesser-included offense must be included within the proof necessary to establish the offense charged, and (2) some evidence must exist in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser included offense. *See Wesbrook v. State*, 29 S.W.3d 103, 113 (Tex.Crim.App. 2000) *Rousseau v. State*, 855 S.W.2d 666, 672–73 (Tex.Crim.App.1993). The State does not contest that the first prong of the test was satisfied.

As for the second prong, the State acknowledges that appellant was resisting arrest just before he struck Munoz, causing him a bodily injury. The court of appeals believed this evidence of appellant's conduct was subject to different interpretations and, therefore, satisfied the second prong of the test, relying on our decision in *Saunders v. State*, 840 S.W.2d 390 (Tex.Crim.App.1992).

In *Saunders*, this Court concluded that the circumstantial evidence of the injuries suffered by the victim was open to different interpretations by the trier of fact. 840 S.W.2d at 392.[2] "Although other cir-

2. The facts proven at trial in *Saunders* would be beneficial to understanding the context of the Court's conclusion in that opinion.

Two months after the seventeen year-old [defendant] began sharing an apartment with his girlfriend, Reba Ann McFadden, McFadden's five month-old child Darrell was found dead in his crib. Fifteen days earlier a witness saw [the defendant] cursing the crying baby, and telling the child to shut up while squeezing the back of his neck. A medical expert believed one cause of Darrell's death was an epidural hemorrhage stemming from fractures in the skull which probably were caused by squeezing the child's head with a hand on more than one occasion. The squeezing would not have required much pressure to cause the fracture, and no noise would accompany the fracture.

Other evidence indicated that at various times during the fifteen days prior to his death, Darrell appeared to have facial bruises and scratches. There were abrasions to the child's nose, ears, and chin, which were apparently caused by pinching. A hole at least one inch in diameter in the back of the head was an ulceration of a bruise or laceration which probably was caused by an instrument, not a hand. Bruises along the spine could have resulted from a fall, but more likely stemmed from moderately hard slaps or blows to the back. A healing injury to the liver was probably caused by a blow incurred about three days

cumstances existed from which a jury could conclude [the defendant] knew his treatment of Darrell might kill him, a jury could also conclude based on the same evidence that [the defendant] may not have known his actions could kill the baby." *Id.* In the instant case, the court of appeals stated that the "evidence presented is subject to different interpretations." *Lofton v. State,* 6 S.W.3d at 799.

The evidence shows that appellant intentionally struck Munoz twice. Munoz stated that appellant "pushed himself away," and that he would not let Munoz restrain him. Munoz testified that appellant struck him the first time while he was trying to restrain appellant. Elliott corroborated this with his testimony that appellant intentionally struck Munoz twice in the face. Elliott also testified that neither of appellant's strikes appeared to him to be accidental. Munoz's testimony established that he suffered bodily injury from being struck by appellant. Appellant testified that he did not commit any offense—he did not assault Munoz and he did not resist arrest. The court of appeals erred in concluding that these facts were subject to two different interpretations.

■ We conclude that the evidence in the instant case did not raise the issue of the lesser included offense of resisting arrest. A defendant's own testimony that he committed no offense, or testimony which otherwise shows that no offense occurred at all, is not adequate to raise the issue of a lesser-included offense. In *Bignall v. State,* we concluded, "if a defendant either presents evidence that he committed no offense or presents no evidence, and there is no evidence otherwise showing that he is guilty only of a lesser-included offense,

then a charge on a lesser-included offense is not required." *See Bignall v. State,* 887 S.W.2d at 23. The evidence must establish that if a defendant is guilty, he is guilty only of the lesser included offense. *See Wesbrook,* 29 S.W.3d at 113; *Arevalo v. State,* 943 S.W.2d 887, 889–90 (Tex.Crim. App.1997).

■ The evidence at trial showed that appellant intended to assault a public servant who appellant knew was in the lawful discharge of his official duty. Appellant struck a police officer twice in the face during the officer's attempt to arrest appellant, causing the officer to suffer pain and a cut on his face. Even if appellant had intended only to prevent his arrest, the force used by appellant against Munoz, at the very least, recklessly caused Munoz to suffer a bodily injury. Regardless of appellant's intent, the State proved that appellant assaulted Munoz. Resisting arrest was not a rational alternative to assault on a public servant in the instant case. *Wesbrook,* 29 S.W.3d at 113; *Arevalo v. State,* 943 S.W.2d at 889. Therefore, the trial court was correct to refuse appellant's request for the instruction on resisting arrest, and the court of appeals erred in concluding otherwise. We reverse the decision of the Third Court of Appeals. Since there were no unresolved points of error by appellant before the court of appeals, we affirm the judgment of the trial court.

MEYERS, J., filed this dissenting opinion.

An instruction on a lesser-included offense is warranted when the evidence is such as to allow a jury rationally to find that the offender is guilty *only* of the

---

earlier. The child also suffered a subdural hemorrhage which contributed to his death. The subdural hemorrhage was caused by a shaking of the child or a blow to his head,

occurring sometime about two weeks before death.
*Saunders v. State,* 840 S.W.2d 390–91.

lesser offense, *and not* of the greater offense. The Court of Appeals held that because the evidence in this case was subject to two possible interpretations—one interpretation supporting a conviction for assault and the other for resisting arrest—then appellant was entitled to an instruction on the lesser-included offense. The State argues the Court of Appeals' holding ignores the requirement in our law that the two interpretations be mutually exclusive. The State is right about this. But the Court of Appeals should be affirmed on other grounds.

## I.

A person commits felony assault of a public servant by "intentionally, knowingly or recklessly caus[ing] bodily injury to ... a person the actor knows is a public servant while the public servant is lawfully discharging an official duty." TEX. PENAL CODE §§ 22.01(a), 22.01(b)(1). A person resists arrest by "intentionally prevent[ing] or obstruct[ing] a person he knows is a peace officer or a person acting in a peace officer's presence and at his direction from effecting an arrest, search, or transportation of the actor by using force against the peace officer or another." TEXAS PENAL CODE § 38.03(a). In order to be entitled to an instruction on the lesser offense of resisting arrest, there must be some evidence to permit a jury rationally to find that appellant is guilty *only* of the lesser, *and not of the greater*. Therefore, in the instant case, there must be some evidence that appellant intentionally prevented or obstructed his arrest by using force against Officer Munoz, *and* that appellant did not "intentionally, knowingly or recklessly cause bodily injury" to Munoz.

Under the facts of this case, these two theories are not mutually exclusive.

Appellant denied resisting Munoz's efforts to arrest, denied stating that he would not be arrested, denied harming anyone in any way, and denied even touching Munoz or the other officer. Certainly appellant's testimony does not raise an issue as to the lesser-included offense of resisting arrest. Munoz testified that appellant stated, "You're not arresting me, you'll have to kill me first." He further testified that appellant attempted to leave the room at a fast pace, and that appellant fought against being restrained by striking and hitting Munoz with his hands and fists. Munoz's testimony is consistent with a finding that appellant "intentionally prevented or obstructed his arrest by using force against" Munoz. But it is not consistent with a finding that appellant *did not assault* Munoz. The force used by appellant against Munoz was the striking and hitting of Munoz with his hands and fists. But in using such force appellant *at least* recklessly caused bodily injury [1] to Munoz. Even if appellant by his actions had intended to prevent the arrest, this does not negate the evidence that his chosen method of doing so was to assault the arresting officer. There is no evidence of another method of "force" used by appellant in resisting Munoz's efforts to arrest appellant.[2]

The Court of Appeals stated that "the jury could have rationally believed that appellant intended to obstruct the arrest *and the force he used was incident to that intent.*" *Lofton,* 6 S.W.3d at 800 (emphasis added). But the fact that appellant's primary objective might have been to pre-

---

1. "Bodily injury" means "physical pain, illness, or any impairment of physical condition." TEX. PENAL CODE § 1.07(a)(8).

2. A defendant does not always commit assault in resisting arrest. The most obvious example would be in the case where the force used to resist the arrest did not actually cause bodily injury to the officer.

vent the arrest and the force he used was "incident to" or a way of acting on that primary intent, does not negate that the "incidental" force used toward that objective was assault. The existence of intent to resist arrest does not preclude forming the requisite mental state for committing one of the acts, the use of force, necessary in obstructing the arrest. For these reasons, the Court of Appeals erred in its holding.

## II.

Nonetheless, the judgment of the Court of Appeals should be affirmed on the basis of other evidence supporting the instruction on the lesser-included offense. The Court of Appeals' and majority's opinions ignore the existence of evidence of force used by appellant that did not cause bodily injury to Officer Munoz. An instruction on resisting arrest should have been given on the basis of this evidence.

Appellant denied resisting Munoz's efforts to arrest, denied stating that he would not be arrested, denied harming anyone in any way, and denied even touching Munoz or the other officer. A jury could have rationally disbelieved all of appellant's testimony.[3] Munoz testified that appellant stated, "You're not arresting me, you'll have to kill me first." He further testified that appellant attempted to leave the room at a fast pace, and that appellant fought against being restrained by striking and hitting Munoz with his hands and fists. Munoz testified that when he and appellant fell onto the kitchen table and broke it, appellant continued to resist Munoz's and Officer Elliott's efforts to arrest him:

Q. What happened [after the table broke]?

A. Well, he fell kind of like on his face side and I had to dig out his right arm and at that time I think I had his head, too, and we were able to get it—I was able to get his arm and put one cuff on him, on the right hand and turn him over so he would be face down.... I felt [Office Elliott] as all this happened coming in behind me to my, to my left and he then, then I saw him. He was starting to help me try to get the other hand *because he was fighting me. He wasn't cooperating in any way, so we had to literally force his hands back behind him* so we could cuff the other.

Q. All right. So is it fair to say [appellant] continued to struggle with both of you?

A. Sure.

(Emphasis added). Officer Elliott also testified to the force used by appellant in resisting arrest, apart from the evidence of blows to Munoz's face:

Q. ... can you describe that, the amount of physical activity that was part of that attempt to cuff him?

A. He was still *struggling quite a bit,* screaming and cursing as we had him down to the floor on top of the table which had collapsed to the floor ... *We continued to struggle. We had to wrestle with him* to get the cuffs on him....

---

**3.** The majority holds that "[b]ecause appellant denied taking any offensive or defensive action against Munoz, a lesser-included offense instruction on resisting arrest was inappropriate." *Majority opinion* at 652. This holding does not account for the fact that there may be evidence from another source raising the issue of the lesser-included offense. *See Jones v. State,* 984 S.W.2d 254 (Tex.Crim.App.1998). In this case there is evidence from another source raising the issue—Officer Munoz's and Officer Elliott's testimony that appellant resisted arrest.

(Emphasis added). A jury could have disbelieved the testimony that appellant struck Munoz, but believed the testimony regarding the other force appellant used in resisting the arrest.[4] If the jury had disbelieved the evidence that appellant struck and caused bodily injury to Munoz, there remains other evidence that appellant resisted arrest by the use of force that did not cause bodily injury. This is some evidence that appellant was guilty *only* of resisting arrest. Appellant was entitled to the instruction on the lesser offense on this basis.

For these reasons, I dissent.

---

4. "Force" is defined as "[p]ower dynamically considered, that is, in motion or in action; constraining power, compulsion; strength directed to an end." BLACK'S LAW DICTIONARY 330 (5th ed. 1983).