11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Jason Don Wimberley 

Appellant

Vs.                   No.  11-01-00404-CR C Appeal from Stephens County

State of Texas

Appellee

 

The jury
convicted appellant of deadly conduct, found the enhancement paragraph to be
true, and assessed punishment at 20 years confinement.  We affirm.

In his
first issue on appeal, appellant contends that the evidence is both legally and
factually insufficient to support his conviction.  In reviewing claims of legal sufficiency, this court follows the
standards set out in Jackson v. Virginia, 443 U.S. 307 (1979); Johnson v.
State, 23 S.W.3d 1 (Tex.Cr.App.2000); and Clewis v. State, 922 S.W.2d 126
(Tex.Cr.App.1996).   We must review all
of the evidence in the light most favorable to the verdict and determine
whether any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt.  In
deciding whether the evidence is factually sufficient to support the
conviction, we must review all of the evidence in a neutral light favoring
neither party to determine if the verdict is so against the great weight of the
evidence as to be clearly wrong and unjust. 
Johnson v. State, supra; Clewis v. State, supra.  We review the fact finder=s weighing of the evidence and cannot
substitute our judgment for that of the fact finder.  Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis v. State,
supra.  Due deference must be given to
the jury=s determination, particularly concerning the
weight and credibility of the evidence. 
Johnson v. State, supra; Jones v. State, 944 S.W.2d 642
(Tex.Cr.App.1996), cert. den=d, 522 U.S. 832 (1997).  This
court has the authority to disagree with the fact finder=s determination Aonly when the record clearly indicates such a
step is necessary to arrest the occurrence of a manifest injustice.@ 
Johnson v. State, supra at 9.








Michael
Vandygriff testified that he, his brother (Brandon Vandygriff), and a friend
went to appellant=s
house late one night.  Michael stated
that he went to appellant=s house to apologize for a previous altercation, to see if his younger
cousin was at the house, and to confront appellant about supplying his cousin
with drugs.  Michael said that he
knocked on the door and that someone inside asked who was at the door.  Michael responded by saying his name.  The door opened, and appellant was holding a
gun in Michael=s face. 
Michael testified that he did not have a weapon and neither did his
brother or friend.  A female inside the
house shut the door, and a shot was fired through the closed door.  Michael testified that, when the shot came
through the door,  he felt the debris on
his face.  

Michael
said that he, his brother, and his friend started running.  Michael heard more shots being fired.  Michael saw William Ray Stoker as Michael
was running; and he told Stoker, AHe=s shooting at us.@ 
Michael ran to his aunt=s house nearby and returned to appellant=s house after the police arrived. 


Brandon
testified that he, Michael, and a friend went to appellant=s house about 1:00 a.m.  Michael knocked on the door, the door
opened, and appellant was holding a gun in Michael=s face. 
Brandon started running, and he looked back and saw appellant fire two
more shots.  Brandon testified that the
shots were fired toward them. 

Kevin
Nowell with the Breckenridge Police Department testified that he responded to a
call reporting shots being fired.  When
he arrived, Officer Nowell saw two people running out of the front yard of the
residence.  Officer Nowell stated that
he recognized one of the individuals to be Stoker.  Officer Nowell asked Stoker what happened, and Stoker replied
that he was walking up to the house when Aall h--l started breaking loose.@  Officer Nowell saw another
person running toward him.  Officer
Nowell commanded the person to stop, but the person kept running.  Officer Nowell and Officer Randy Coleman
drew their weapons and instructed the person to get on the ground.  Officer Nowell then identified the person as
Brandon, and Brandon told the officers that appellant was shooting at him. 








Officer
Nowell and Officer Coleman went to the door, but no one answered.  While the officers were attempting to
contact someone inside the house, appellant=s sister, Katrida Goodwin, came and said that she could get appellant
out of the house.  Goodwin knocked and
yelled for appellant.  When he did not
respond, she kicked open the door. 
Goodwin then went in the house to the bedroom and brought appellant out
with her.  The officers handcuffed
appellant and performed a cursory search of the house. 

The officers
executed a search warrant at the house around 4:00 a.m. The officers found a
gun in the bedroom where appellant=s sister found appellant.  The
officers found one spent shell casing inside the living room of the house and
two spent shell casings on the front porch. 
The officers also saw a hole in the siding of the house. 

Jimmy
Honea, appellant=s nephew, testified that he was at appellant=s house playing a video game when he heard a
loud noise.  Honea looked up and saw
Michael, Brandon, and their friend in the doorway.  Appellant told them to get out of the house, but they said that
they wanted to talk.  Honea ran to his
car and went to get his mother, appellant=s sister.  Honea testified that
he heard gunshots at the house.

Colby
Foust testified that he was at appellant=s house at the time of the offense. 
Foust said that Michael and Brandon knocked loudly on the door.  When asked who was at the door, Michael and
Brandon said Aa friend.@  Appellant said not to open the
door, but the door came open.  Michael
stepped inside with Brandon behind him. 
Michael and Brandon said that they needed to Asettle something@ with appellant.  Foust heard some Apops,@ and everyone scattered.  Foust testified that appellant was not
pointing the gun at Michael and Brandon. 
Foust stated, AI
think he was pointing it into the sky or something to scare them away.@ 

Stoker
testified that, when he arrived at appellant=s house, no one was outside. 
Stoker said that four guys came running out of the bushes and that they
said, A[W]e=ll show you how to kill somebody.@  Stoker thought the four guys
were going to fight with him, but they stopped when they recognized him.  Stoker identified Michael and Brandon as
being a part of the group.  Stoker said
that they went back to appellant=s house and started kicking and hitting the door and throwing things at
the door.








A person
commits the offense of deadly conduct if he knowingly discharges a firearm at
or in the direction of one or more individuals.  TEX. PENAL CODE ANN. ' 22.05(b)(1) (Vernon 1994). 
Appellant specifically argues that the evidence is legally and factually
insufficient to prove that he knowingly discharged a firearm at or in the
direction of Michael.  Brandon and
Michael both testified that appellant pointed the gun in Michael=s face. 
Michael testified that, when appellant fired the first shot, he felt the
debris on his face.  Brandon also
testified that he saw appellant fire two additional shots toward them.  The jury is the sole judge of the
credibility of the witnesses and the weight to be given their testimony.  TEX. CODE CRIM. PRO. ANN. arts. 36.13 &
38.04 (Vernon 1979 & 1981); Wesbrook v. State, 29 S.W.3d 103
(Tex.Cr.App.2000), cert. den=d, 532 U.S. 944 (2001).  It is
also the exclusive province of the jury to reconcile conflicts in the
evidence.  Wesbrook  v. State, supra.  After reviewing all of the evidence in the light most favorable
to the verdict, we conclude that a rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  After reviewing all of the evidence in a
neutral light favoring neither party, we hold that the jury=s verdict is not so against the great weight
of the evidence as to be clearly wrong and unjust.  Appellant=s first issue on appeal is overruled.

In his
second issue on appeal, appellant argues that the trial court erred in Afailing to charge the jury on the lesser
included mental state of recklessness, as requested by [appellant].@  At
the charge conference, appellant=s attorney requested the trial court to submit a special issue to the
jury.  Appellant=s attorney stated:

Your
Honor, we submit that [appellant] is entitled to an issue to be presented to
the jury asking for a finding of fact that if he - - in these circumstances, if
he fired a gun and that gun is - - if firing of the gun is considered use by
him of a deadly force that he did so - - that his using that, or his firing of
the gun, was justified and he had a reason to believe that it was necessary response
to immediate threat of death or serious bodily injury. 

 

Appellant=s attorney continued his argument seeking an
issue on self-defense.  Appellant=s attorney also submitted a written request
for a special issue, which clearly sought an instruction on self-defense.  The trial court submitted the issue of
self-defense to the jury; however, it did not contain the wording appellant
requested.  We find that appellant did
not request an instruction on the Alesser included mental state of recklessness.@ 
Appellant has not preserved this issue for appellate review.  Thomas v. State, 701 S.W.2d 653
(Tex.Cr.App.1985), cert. den=d, 518 U.S. 1021 (1996).








Moreover,
appellant has not shown that he would have been entitled to an instruction on
the lesser included offense.  TEX. PENAL
CODE ANN. ' 22.05(a) (Vernon 1994) provides that a
person commits an offense if he Arecklessly engages in conduct that places another in imminent danger of
serious bodily injury.@  An offense under Section 22.05(a) is punishable
as a Class A misdemeanor.  TEX. PENAL
CODE ANN. ' 22.05(e) (Vernon 1994).  At trial, appellant=s defensive theories were that he did not
fire the gun at or in the direction of Michael or Brandon and that he acted in
self-defense.  There was no evidence
that, if he was guilty, appellant was only guilty of recklessly discharging the
firearm.   Lofton v. State, 45 S.W.3d
649 (Tex.Cr.App.2001); Rousseau v. State, 855 S.W.2d 666, 672 (Tex.Cr.App.), cert.
den=d,  510 U.S. 919 (1993).  Appellant=s second  issue on appeal is
overruled.

In his
third issue on appeal, appellant argues that the trial court erred in denying
his motion for a continuance at the punishment phase of the trial.  During the punishment phase of the trial,
the State called Maria Luna with the Security Threat Group of the Texas
Department of Criminal Justice Institutional Division.  Luna testified that appellant was confirmed
as a member of the Aryan Brotherhood of Texas. 
Following Luna=s
testimony, appellant sought a continuance and argued that he had been given
information that Ahis
prison record as to his offenses against the rules of prison would be
introduced@ but that he was unaware Luna would testify
that he was affiliated with a prison gang. 
Appellant sought a continuance in order to call two inmates to refute
Luna=s testimony concerning appellant=s membership in the Aryan Brotherhood of
Texas.  The trial court noted that
appellant had filed a motion requesting disclosure of the State=s intent to offer extraneous conduct but that
the motion had not been ruled upon. 
Appellant then testified that he was not a member of the Aryan
Brotherhood of Texas.








  The trial court's ruling on a motion for
continuance is reviewed for an abuse of discretion.  Vasquez v. State, 67 S.W.3d 229 (Tex.Cr.App.2002); Janecka v.
State, 937 S.W.2d 456, 469 (Tex.Cr.App.1996), cert. den=d, 522 U.S. 825 (1997). To establish an abuse of discretion, the
defendant must show that he was actually prejudiced by the denial of his
motion. Vasquez v. State, supra; Janecka v. State, supra.  Appellant contends that he believed Luna was
listed as a State=s
witness to prove up his pen packet. 
Appellant was provided with his penitentiary records and could have
pursued the need for securing rebuttal testimony to any extraneous acts.  Moreover, appellant testified on his own
behalf that he was not a member of the prison gang.  Appellant has not shown that the trial court abused its discretion
in denying his motion for a continuance. 
Appellant=s third issue on appeal is overruled.

The
judgment of the trial court is affirmed.

 

TERRY
McCALL

JUSTICE

 

November 21, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.