In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-00865-CR
____________

MARKY LEE ORDONEZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 23rd District Court 
Brazoria County, Texas
Trial Court Cause No. 41,352 




MEMORANDUM OPINION
          A jury found appellant, Marky Lee Ordonez, guilty of burglary of a habitation
with intent to commit sexual assault. The jury further found the allegations contained
in a single enhancement paragraph to be true and assessed punishment at 47 years’
confinement in prison and a $5,000 fine. In his first issue, appellant contends that the
trial court erred in denying his request that an instruction on the lesser-included
offense of criminal trespass be included in the jury charge. In his remaining two
issues, appellant contends that the evidence was legally and factually insufficient to
support his conviction. We affirm.
Background
          At approximately 7:45 a.m. on August 10, 2001, while in bed in her trailer
home, Angela Coleman awoke to being sexually assaulted by a man she later
identified as appellant. As he was assaulting her, appellant laid on top of Coleman
and touched her breasts, stomach, and “bikini line.” Coleman struggled with
appellant, kicked him several times, and asked him to leave the trailer. The ongoing
struggle startled Coleman’s children, who had been sleeping in the bedroom. After
the children began to cry, appellant sat up on the edge of Coleman’s bed, removed a
pair of children’s pajamas that had covered his face, and stared at the children. 
Appellant then left the trailer.
          Coleman immediately telephoned the Brazoria County Sheriff’s Department. 
Having observed appellant after he removed the pajamas from his face, Coleman
described her attacker as a five foot, eight-to-ten inches tall, curly-haired, Hispanic
male, in his twenties, clothed in a yellow shirt and baggy blue jeans. Upon arriving
at the scene, Brazoria County police officers noticed shoe prints in the driveway of
the trailer. After a witness informed the officers that he saw a man matching
Coleman’s description heading across the trailer park, the officers followed the shoe
prints to another trailer owned by appellant’s mother. There, appellant was found
sleeping in his mother’s bedroom, with a yellow shirt and baggy blue jeans lying next
to him on the floor. The officers apprehended appellant and drove him back to
Coleman’s trailer, where Coleman identified him as her attacker.
Lesser-Included Offense 
          In his first issue, appellant contends that the trial court erred in denying his
request that an instruction on the lesser-included offense of criminal trespass be
included in the jury charge. A defendant is entitled to a charge on a lesser-included
offense if (1) the lesser-included offense is included within the proof necessary to
establish the offense charged, and (2) there is some evidence that would permit the
jury rationally to find that the defendant, if guilty, is guilty only of the lesser-included
offense. Lofton v. State, 45 S.W.3d 649, 651 (Tex. Crim. App. 2001). The evidence
must establish the lesser-included offense as a valid, rational alternative to the
charged offense. Wesbrook v. State, 29 S.W.3d 103, 113 (Tex. Crim. App. 2000). 
A charge on the lesser-included offense is not required when the defendant presents
no evidence or presents evidence that no offense was committed. Lofton, 45 S.W.3d
at 652.
          A person commits the offense of criminal trespass if he or she enters or remains
on property or in a building of another without the owner’s effective consent and with
notice that the entry was forbidden. Tex. Pen. Code Ann. § 30.05(a) (Vernon 2003). 
          In this case, there was no evidence that appellant entered Coleman’s trailer for
any purpose other than to commit sexual assault. Appellant’s entire defense was that
he was not the attacker and thus committed no offense. At no point during trial did
appellant raise any evidence to show that he was guilty of merely trespassing. 
Because no evidence was adduced at trial to show that, if appellant was guilty, he was
guilty only of the lesser-included offense of criminal trespass, the trial court properly
refused to include appellant’s requested instruction. See Lofton, 45 S.W.2d at 652. 
          We overrule issue one.
Legal Sufficiency
          In his second issue, appellant contends that the evidence was legally
insufficient to support his conviction. When reviewing the legal sufficiency of
evidence, we view the evidence in the light most favorable to the verdict and ask
whether a rational trier-of-fact could find the essential elements of the crime beyond
a reasonable doubt. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000);
Valencia v. State, 51 S.W.3d 418, 423 (Tex. App.—Houston [1st Dist.] 2001, pet.
ref’d). The fact finder may reasonably infer facts from the evidence before it, credit
the witnesses if it cares to, disbelieve any or all of the testimony proffered, and weigh
the evidence in the manner it chooses. Bruno v. State, 922 S.W.2d 292, 293 (Tex.
App.—Amarillo 1996, no pet.).
          Viewed in the light most favorable to the verdict, the evidence shows that
Coleman described her attacker as a five foot, eight-to-ten inches tall, curly-haired,
Hispanic male, in his twenties, clothed in a yellow shirt and baggy blue jeans. A man
wearing a yellow shirt and baggy blue jeans was seen shortly after the burglary
walking away from Coleman’s trailer towards another trailer owned by appellant’s
mother. The police then found appellant asleep in his mother’s trailer, with a yellow
shirt and baggy blue jeans lying on the floor. Appellant matched Coleman’s
description of the attacker, and the prints from appellant’s tennis shoes matched prints
found outside of appellant’s trailer. Coleman identified appellant as her attacker. In
light of this evidence, we conclude that there was legally sufficient evidence to allow
a rational trier-of-fact to find the essential elements of the crime beyond a reasonable
doubt. See King v. State, 29 S.W.3d at 562. 
          We overrule issue two. 
Factual Sufficiency
          In his third issue, appellant contends that the evidence was factually
insufficient to support his conviction. When reviewing the factual sufficiency of
evidence, we examine all the evidence neutrally and ask whether proof of guilt is so
obviously weak as to undermine confidence in the jury’s determination or so greatly
outweighed by contrary proof as to indicate that a manifest injustice has occurred.
Zuliani v. State, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003); King, 29 S.W.3d at 563;
Valencia, 51 S.W.3d at 423. While conducting our analysis, if there is probative
evidence supporting the verdict, we must avoid substituting our judgment for that of
the trier-of-fact, even when we disagree with the determination. King, 29 S.W.3d at
563. The trier-of-fact is the sole judge of the weight and credibility of the witnesses’
testimony. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000).
          Appellant contends that he presented evidence tending to show that Coleman’s
identification of him was “mistaken.” According to appellant, because Coleman
testified that her attacker initially covered his face with pajamas, and because the
police showed Coleman only one suspect shortly after the burglary, the evidence
created an inference of “misidentification.” 
          Coleman also testified, however, that her attacker removed the pajamas from
his face when the children began to cry and that appellant was “undoubtedly” the man
that attacked her. Viewing the evidence neutrally, we observe that the jury decided
to believe Coleman and to disbelieve appellant. Because the jury, as the trier-of-fact,
is the sole judge of the weight and credibility of the witness’s testimony, we decline
to substitute our judgment for the jury’s when probative evidence exists to support
the verdict. See King, 29 S.W.3d at 563. The proof of guilt in this case was not so
obviously weak as to undermine confidence in the jury’s determination or so greatly
outweighed by contrary proof as to indicate that a manifest injustice occurred. 
Zuliani, 97 S.W.3d at 594. Accordingly, we hold that the evidence was factually
sufficient to support the verdict. 
          We overrule issue three. Conclusion

          We affirm the judgment of the trial court.




     Elsa Alcala
     Justice

Panel consists of Chief Justice Radack and Justices Alcala and Higley.

Do not publish. Tex. R. App. P. 47.4.