COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-420-CR
RODOLFO ARRIAGA                                                        
   APPELLANT
V.
THE STATE OF TEXAS                                                            
 STATE
------------
FROM THE 16TH DISTRICT COURT OF DENTON COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant Rodolfo Arriaga appeals from his conviction for delivery of a
controlled substance, cocaine, in an amount of four grams or more but less than
200 grams, enhanced by one prior felony conviction. Appellant was sentenced to
99 years in prison. In his sole issue, he argues that the trial court erred in
denying his request for a jury charge on the lesser included offense of delivery
of a controlled substance of less than four grams. We affirm.
To determine whether a jury must be charged on a lesser included
offense, we apply a two-step analysis. Moore v. State, 969
S.W.2d 4, 8 (Tex. Crim. App. 1998). The first step is to decide whether the
offense is a "lesser included offense" as defined in article 37.09 of
the code of criminal procedure. Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon
1981); Moore, 969 S.W.2d at 8. The second step requires an
evaluation of the evidence to determine whether there is some evidence that
would permit a rational jury to find that the defendant is guilty only of the
lesser offense, and not of the greater. Lofton v. State,
45 S.W.3d 649, 652 (Tex. Crim. App. 2001); Moore, 969
S.W.2d at 8. The evidence must be evaluated in the context of the entire record.
Moore, 969 S.W.2d at 8. There must be some evidence from
which a rational jury could acquit the defendant of the greater offense while
convicting him of the lesser included offense. Id.
The State does not dispute that delivery of a controlled substance of
less than four grams is a lesser included offense of the offense charged. Thus,
the only issue is whether there is some evidence that would permit a rational
jury to find that appellant is guilty only of the lesser offense, and not of the
greater.
The evidence upon which appellant relies in support of his contention
comes from the cross-examination testimony of the State's witness, Andrew Macey,
a drug chemist for the Texas Department of Public Safety Garland Crime
Laboratory. After Macey testified on direct that the seized drugs weighed 5.66
grams, defense counsel asked him whether it was "possible" that the
drugs could have absorbed water or humidity that would have affected their
weight. Macey responded that it was possible. Although Macey testified that it
was "possible" that the weight of the drugs could have increased to
over four grams by the absorption of water, there was no evidence that the drugs
did in fact absorb water or humidity. On redirect, Macey testified that he did
not believe the drugs had the chance to gain weight from humidity, and even if
they did, their weight would only have been affected by .1 gram at the most.
Appellant contends that this evidence raises the issue that he was only
guilty of the lesser offense. This testimony, however, is nothing more than
responses to hypothetical questions that are not based on any evidence in the
record. There is no evidence that the drugs in fact were subjected to humidity
or water that would have affected their weight. In fact, the drugs were stored
in a temperature-controlled vault inside the property room of the Denton County
Sheriff's Office. The drugs were brought to the vault in a locker
"maintained at the same temperature as the building." The mere
possibility that the drugs might have gained weight had they been exposed to
humidity or water does not amount to evidence that the drugs in fact gained
weight as a result of being exposed to humidity or water. See
Creel v. State, 710 S.W.2d 120, 133 (Tex. App.--San Antonio 1986) (holding
trial court did not err in denying lesser-included offense charge where
inferences and conjectures appellant categorized as "'some evidence'
amount[ed] to nothing more than a mere surmise or suspicion of the existence of
the fact sought to be established"), aff'd, 754
S.W.2d 205 (Tex. Crim. App. 1988). Without some evidence in the record raising
the possibilities to the level of facts, we cannot conclude that the trial court
erred in denying appellant's request for a lesser-included offense charge. We
overrule appellant's sole issue.
We affirm the trial court's judgment.
 
                                                       
   SAM J. DAY
                                                       
   JUSTICE
 
PANEL B: DAY, LIVINGSTON, and WALKER, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: July 10, 2003

1. See Tex. R. App. P. 47.4.