Rodolfo Arriaga v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-420-CR

RODOLFO ARRIAGA APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 16
TH
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

Appellant Rodolfo Arriaga appeals from his conviction for delivery of a controlled substance, cocaine, in an amount of four grams or more but less than 200 grams, enhanced by one prior felony conviction.  Appellant was sentenced to 99 years in prison.  In his sole issue, he argues that the trial court erred in denying his request for a jury charge on the lesser included offense of delivery of a controlled substance of less than four grams.  We affirm.

To determine whether a jury must be charged on a lesser included offense, we apply a two-step analysis.  
Moore v. State
, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998).  The first step is to decide whether the offense is a “lesser included offense” as defined in article 37.09 of the code of criminal procedure.  
Tex. Code Crim. Proc. Ann.
 art. 37.09 (Vernon 1981); 
Moore
, 969 S.W.2d at 8.  
The second step requires an evaluation of the evidence to determine whether there is some evidence that would permit a rational jury to find that the defendant is guilty only of the lesser offense, and not of the greater. 
 Lofton v. State
, 45 S.W.3d 649, 652 (Tex. Crim. App. 2001);
 Moore
, 969 S.W.2d at 8.  
The evidence must be evaluated in the context of the entire record.  
Moore
, 969 S.W.2d at 8.  There must be some evidence from which a rational jury could acquit the defendant of the greater offense while convicting him of the lesser included offense.  
Id.

The State does not dispute that delivery of a controlled substance of less than four grams is a lesser included offense of the offense charged.  Thus, the only issue is whether 
there is some evidence that would permit a rational jury to find that appellant is guilty only of the lesser offense, and not of the greater.   The evidence upon which appellant relies in support of his contention comes from the cross-examination testimony of the State’s witness, Andrew Macey, a drug chemist for the Texas Department of Public Safety Garland Crime Laboratory.  After Macey testified on direct that the seized drugs weighed 5.66 grams, defense counsel asked him whether it was “possible” that the drugs could have absorbed water or humidity that would have affected their weight.  Macey responded that it was possible.  Although Macey testified that it was “possible” that the weight of the drugs could have increased to over four grams by the absorption of water, there was no evidence
 that the drugs did in fact absorb water or humidity.  
On redirect, Macey testified that he did not believe the drugs had the chance to gain weight from humidity, and even if they did, their weight would only have been affected by .1 gram at the most. 

Appellant contends that this evidence raises the issue that he was only guilty of the lesser offense.  This testimony, however, is nothing more than responses to hypothetical questions that are not based on any evidence in the record.  There is no evidence that the drugs in fact were subjected to humidity or water that would have affected their weight.  In fact, the drugs were stored in a temperature-controlled vault inside the property room of the Denton County Sheriff’s Office.  The drugs were brought to the vault in a locker “maintained at the same temperature as the building.”  The mere possibility that the drugs might have gained weight had they been exposed to humidity or water does not amount to evidence that the drugs in fact gained weight as a result of being exposed to humidity or water.
  See Creel v. State
, 710 S.W.2d 120, 133 (Tex. App.—San Antonio 1986) (holding trial court did not err in denying lesser-included offense charge where inferences and conjectures appellant categorized as “‘some evidence’ amount[ed] to nothing more than a mere surmise or suspicion of the existence of the fact sought to be established”), 
aff’d
, 754 S.W.2d 205 (Tex. Crim. App. 1988).  Without some evidence in the record raising the possibilities to the level of facts, we cannot conclude that the trial court erred in denying appellant’s request for a lesser-included offense charge.  We overrule appellant’s sole issue.

We affirm the trial court’s judgment.
 

SAM J. DAY

JUSTICE

PANEL B: DAY, LIVINGSTON, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  July 10, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.