Affirmed and Memorandum Opinion filed February 28, 2006









Affirmed and Memorandum Opinion filed February 28, 2006.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-05-00228-CR

_______________

 

HERBERT EARL GREEN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

________________________________________________

 

On Appeal from the 178th District Court

Harris County, Texas

Trial Court Cause No. 996,518

________________________________________________

 

M E M O R A N D
U M   O P I N I O N

Appellant, Herbert Earl Green, appeals his conviction for
aggravated assault.  In one issue,
appellant contends that the trial court erred by denying his requested jury
instruction on the lesser-included offense of assault.  Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion and affirm.  See Tex.
R. App. P. 47.4.

I. 
Background








On June 3, 2003, appellant entered a barbershop and struck
the complainant, a barber, with a crow bar. 
The complainant testified that two men walked in the barbershop.  One man said he wanted a haircut and asked
the complainant if he was ATwin.@[1] 
The complainant identified himself as ATwin,@ and the two men sat down.  The complainant turned around to resume cutting
the hair of one of his customers when one of the men, later identified as
appellant, struck him in the back of the head with a crow bar.  A struggle ensued.  The complainant testified that he spun around
and attempted to block the next blow with his arm but appellant hit him on the
side. Appellant swung the crow bar again and the barber caught it in his left
hand.  During the struggle, appellant
accused the complainant of sleeping with his girlfriend.  The complainant testified that he did not
know appellant, but that the mother of appellant=s child was dating his twin
brother.  The struggle lasted between two
and four minutes, and the two men then left.

II. 
Discussion

In his sole issue, appellant contends that the trial court
erred by denying his requested jury instruction on the lesser-included offense
of assault.  We apply a two-prong test to
determine whether a defendant is entitled to a jury instruction on a
lesser-included offense.  Lofton v.
State, 45 S.W.3d 649, 651 (Tex. Crim. App. 2001).  First, the lesser-included offense must be
included within the proof necessary to establish the offense charged.  Id.  Second, some evidence must exist in the record
that would allow a reasonable jury to find the defendant guilty only of the
lesser offense.  Id.








The State concedes that assault is included within the proof
necessary to establish the offense of aggravated assault.  See Ferrel v. State, 55 S.W.3d 586,
589 (Tex. Crim. App. 2001) (noting that misdemeanor assault is a
lesser-included offense of aggravated assault). 
Therefore, we must determine whether there was evidence in the record
from which a reasonable jury could find appellant guilty only of assault.  See id. 
We must consider all of the evidence presented at trial in making
this determination.  Bignall v. State,
887 S.W.2d 21, 23 (Tex. Crim. App. 1994) (citing Rousseau v. State, 855
S.W.2d 666, 673 (Tex. Crim. App. 1993)).

A person commits aggravated assault if, in relevant part, he
uses or exhibits a deadly weapon during the commission of an assault.  See Tex.
Penal Code Ann. ' 22.02(a) (Vernon Supp. 2005).  A person is guilty of assault if he
intentionally, knowingly, or recklessly causes bodily injury to another.  Tex.
Penal Code Ann. ' 22.01(a)(1) (Vernon Supp. 2005).  Accordingly, appellant is entitled to a jury
instruction on the lesser-included offense of assault if there is some evidence
from which a rational jury could conclude that appellant did not use or exhibit
a deadly weapon.  

Appellant argues that there is some evidence that he did not
use or exhibit a deadly weapon because (1) the State was unable to find the
crow bar used to attack appellant, and (2) a witness who saw appellant enter
the barber shop did not see appellant carrying a crow bar.  However, here, a rational jury could not have
inferred from the absence of evidence that no weapon was used.  Although the witness testified that he did
not see appellant with a crow bar, the same witness also stated that he heard
what sounded like a piece of metal Aclank on [the complainant=s] head.@ 
In addition, three witnesses testified that the complainant=s injuries were consistent with the
type of injury inflicted by a crow bar.  

Moreover, Ait is not enough that the jury may disbelieve crucial
evidence pertaining to the greater offense; there must be some evidence
directly germane to a lesser-included offense for the factfinder to consider
before an instruction on a lesser-included offense is warranted.@ 
Bignall, 887 S.W.2d at 24. 
Here, appellant did not testify or offer any evidence. A jury instruction
on a lesser-included offense is not required if the defendant presents no
evidence, and there is no evidence otherwise showing he is guilty only of a
lesser-included offense.  Aguilar v.
State, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985).  Accordingly, we overrule appellant=s sole issue.








The judgment of the trial court is affirmed.

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Memorandum Opinion filed February 28, 2006.

Panel consists of
Justices Hudson, Fowler, and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]  The
complainant explained that he was frequently called ATwin@ because he has a twin brother.