Opinion filed June 12, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed June 12,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00257-CR 

                                                      _________

 

                           BRANDY
DANNA WILLIAMSON, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                        On
Appeal from the 422nd District Court 

 

                                                       Kaufman
County, Texas

 

                                                Trial
Court Cause No. 22246-422

 



 

                                             M
E M O R A N D U M   O P I N I O N

The
jury convicted Brandy Danna Williamson of possession of more than 400 grams of
cocaine with intent to deliver.  The trial court assessed her punishment at
fifteen years confinement.  We affirm.

I.
Background Facts








Kaufman
County Deputy Sheriff Brad Brewer was on patrol when he noticed a car without a
working license plate light.  He stopped the car, and as he approached, he
smelled burnt marihuana. There were two people in the car: Williamson, who was
driving, and Tammy Merritt.  Williamson consented to a search of the vehicle. 
Deputy Brewer found marihuana in the passenger compartment and two plastic
shopping bags with what appeared to be cocaine hidden under the spare tire
cover in the trunk.  A Department of Public Safety crime lab determined that
the bags contained 760.52 grams of cocaine with a purity level of 81%.[1]

II.
Issues on Appeal

Williamson
challenges her conviction with two issues.  Williamson contends that her trial
counsel was constitutionally ineffective for not objecting to the charge
because it did not include the lesser included offense of simple possession. 
Alternatively, Williamson argues that the evidence was legally and factually
insufficient to link her to the cocaine found in the trunk of her car.

                                                                    III. 
Analysis

A. 
Was Counsel Constitutionally Ineffective?

Williamson
was indicted for one count of possession of more than 400 grams of cocaine with
intent to deliver.  This was the only offense contained in the charge. 
Williamson argues that trial counsel was constitutionally ineffective for not
objecting to the omission of an instruction on the lesser included offense of
simple possession because this deprived her of the opportunity to receive
community supervision.

1.  Standard of Review.








In
order to determine whether Williamson=s
trial counsel rendered ineffective assistance at trial, we must first determine
whether she has shown that counsel=s
representation fell below an objective standard of reasonableness and, if so,
then determine whether there is a reasonable probability that the result would
have been different but for counsel=s
errors.  Strickland v. Washington, 466 U.S. 668 (1984).  We must indulge
a strong presumption that counsel=s
conduct fell within the wide range of reasonable professional assistance, and
Williamson must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy.  Stafford v.
State, 813 S.W.2d 503, 508-09 (Tex. Crim. App. 1991).  An allegation of
ineffective assistance must be firmly founded in the record, and the record
must affirmatively demonstrate the alleged ineffectiveness.  Thompson v.
State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).  Under normal
circumstances, the record on direct appeal will not be sufficient to show that
counsel=s
representation was so deficient and so lacking as to overcome the presumption
that counsel=s
representation was reasonable and professional.  Bone v. State, 77
S.W.3d 828, 833 (Tex. Crim. App. 2002).  Rarely will the record on direct
appeal contain sufficient information to permit a reviewing court to fairly
evaluate the merits of such a serious allegation.  Id.

                        2.
 The Trial Court=s
Charge. 

Williamson
contends that no reasonable trial strategy was served by not objecting to the
omission of a lesser included instruction.  Essentially, Williamson argues that
this placed the jury in an Aall
or nothing@ position. 
Even if that might be considered a reasonable strategy in some instances,
Williamson reasons that, because over 700 grams of cocaine was found in her
car, acquittal was unlikely in this case.  However, if the jury had been given
the option to find her guilty of simple possession, it might have concluded
that she was sufficiently linked to the cocaine to establish possession but
determined that she was not part of a drug distribution network.

Williamson
argues that she was harmed because trial counsel=s
decision foreclosed any possibility of community supervision since the minimum
sentence for the charged offense was fifteen years.  The minimum sentence for
simple possession of over 400 grams, on the other hand, was only ten years. 
Because the trial court gave her the minimum possible sentence, Williamson
concludes that a reasonable possibility exists that the inclusion of a lesser
included instruction in the charge would have resulted in community supervision
rather than incarceration.

The
State responds that Williamson was not entitled to a lesser included charge
because she denied any wrongdoing and directs our attention to Lofton v.
State, 45 S.W.3d 649 (Tex. Crim. App. 2001). There, the court wrote that a Adefendant=s own testimony that he
committed no offense, or testimony which otherwise shows that no offense
occurred at all, is not adequate to raise the issue of a lesser-included
offense.@  Id.
at 652; see also Garcia v. State, 218 S.W.3d 756, 762 (Tex. App.CHouston [1st Dist.] 2007,
no pet.) (defendant charged with possession of cocaine with intent to deliver
was not entitled to an instruction on the lesser included offense of simple
possession when he denied knowing about or possessing the cocaine).








We
agree with the State that Williamson was not entitled to an instruction on
simple possession.  Williamson testified in her own defense.  She repeatedly
denied knowing why Charles Fountain, her boyfriend, wanted her to accompany him
to Dallas or that he had placed cocaine in her trunk.  If the jury had believed
her testimony, it would not have found her guilty of only possession but would
have acquitted her of any criminal conduct.  Consequently, Williamson was not
entitled to a lesser included instruction, and trial counsel was not
constitutionally ineffective for failing to request one.  Issue one is
overruled. 

B. 
Was the Evidence Legally and Factually Sufficient?

Williamson
next challenges the legal and factual sufficiency of the evidence linking her
to the cocaine found in her trunk.  Williamson argues that the only evidence
that she exercised actual care, custody, or management of the cocaine or knew
that she had cocaine was the fact that it was found in the trunk of her car and
urges us to find that this is insufficient evidence to uphold her conviction.

1.  Standard of Review.

To
determine if the evidence is legally sufficient, we review all of the evidence
in the light most favorable to the verdict and determine whether any rational
trier of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979); Jackson
v. State, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000).  The factfinder is the
sole judge of the credibility of the witnesses and the weight to be given their
testimony.  Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim. App.
1992). The factfinder may choose to believe or disbelieve all or any part of
any witness=s
testimony.  Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

To
determine if the evidence is factually sufficient, the appellate court reviews
all of the evidence in a neutral light.  Watson v. State, 204 S.W.3d
404, 414 (Tex. Crim. App. 2006).  Then, the reviewing court determines whether
the evidence supporting the verdict is so weak that the verdict is clearly
wrong and manifestly unjust or whether the verdict is against the great weight
and preponderance of the conflicting evidence.  Id. at 414-15.

2.  Legal Sufficiency.








The
State was required to prove that Williamson exercised control, management, or
care over the cocaine found in her car and that she knew that the material in
her trunk was contraband.  Brown v. State, 243 S.W.3d 141, 148 (Tex.
App.CEastland 2007,
pet. ref=d).  The
State must also establish that Williamson=s
connection with the cocaine was more than fortuitous.  Texas courts utilize an
affirmative link rule that is designed to protect innocent bystanders from
conviction merely because of their proximity to someone else=s drugs.  Evans v. State,
202 S.W.3d 158, 161 (Tex. Crim. App. 2006).  This rule is not an independent
test of legal sufficiency, but a short-hand catchphrase for a large variety of
circumstantial evidence that may be considered. Id. at 161-62 n.9.[2] 
It is not the number of factors that link the defendant to the contraband but
the logical force of all the evidence, direct and circumstantial, that must be
considered.  Id. at 162.

Viewing
the evidence in the light most favorable to the verdict, a rational juror could
have considered that Williamson owned the car, that she was driving the car at
the time of the stop, that she told Deputy Brewer at the scene that she and
Merritt had driven to Dallas to drop off a friend but testified at trial that
she had been unwittingly used by her boyfriend to transport drugs, that a large
quantity of very pure cocaine was found in her trunk, that her initial demeanor
was calm when stopped even though Deputy Brewer told her that he smelled
marihuana, that she became more nervous as Deputy Brewer=s search extended to the trunk, and that she
dropped her head when he pulled the bags containing the cocaine out of her
trunk.  This is legally sufficient evidence to sustain Williamson=s conviction.

3.  Factual Sufficiency.

 Consideration
of all of the evidence in a neutral light requires that we also consider
Williamson=s trial
testimony.  She testified that her boyfriend of five or six months, Fountain,
called her at work one day and asked if he could use her car to go to Dallas. 
She was busy and did not ask any questions but simply said okay.  She got off
work thirty minutes to an hour later; went home and changed clothes; and
invited her roommate, Merritt, to come along.  They drove to a nearby town and
met Fountain and an unknown friend of his.  Williamson then followed Fountain
to Dallas.  She never discussed the trip with him but simply assumed they were
going to Dallas to get parts for his vehicle.  The trip to Dallas lasted five
to six hours.  In Dallas, Williamson followed Fountain to a residence.  It was
nighttime by then, and Williamson and Merritt stayed in her car while Fountain
went inside.  Twenty to thirty minutes later, he came back and knocked on her
trunk.  She opened

it from within
the car.  He shut the trunk without saying anything, got back in his vehicle,
and started to leave.  She followed him out of Dallas because she was
unfamiliar with the area.








Williamson
testified that she was unaware that Fountain placed cocaine in her trunk.  She
testified that he never told her what he had planned, that she never saw him
use cocaine, and that she never suspected that he might be involved with
cocaine.  She testified that she had no criminal record and that she consented
to Deputy Brewer=s
search because she did not know there was anything in the car.

Williamson
describes her testimony as uncontroverted and understandably would have this
court draw favorable conclusions from this proposition.  However, there is a
distinction between undisputed facts and uncontradicted testimony.  Evans,
202 S.W.3d at 163.  The jury is not required to believe uncontroverted
testimony.  They could, for example, consider the possible bias of wanting to
avoid imprisonment.  The jury could consider how plausible Williamson=s explanation for the trip
sounded[3] and could
contrast the story she gave at trial with the story she gave Deputy Brewer at
the scene.  For any or all of the reasons, a rational juror could find
Williamson=s testimony
untrustworthy.  Because a rational juror could have disbelieved Williamson=s testimony, we are
required to assume that the jury did so.  See Moff v. State, 131 S.W.3d
485, 489 (Tex. Crim. App. 2004) (when conducting a sufficiency review, an
appellate court must consider all of the evidence admitted at trial and give it
whatever weight and probative value it could rationally convey to a jury).

There
was factually sufficient evidence that Williamson had possession of the cocaine
found in her trunk.  The evidence supporting the jury=s verdict is neither so weak that the verdict
is clearly wrong and manifestly unjust nor is the verdict against the great
weight and preponderance of the conflicting evidence.  Issue two is overruled.

IV. Holding

The
judgment of the trial court is affirmed.

 

 

RICK STRANGE

JUSTICE

June 12, 2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]For powder cocaine, the highest level of purity
possible is 89%.





[2]See Olivarez v. State, 171 S.W.3d 283, 291 (Tex. App.CHouston
[14th Dist.] 2005, no pet.) (listing fourteen possible affirmative links that
can establish possession of contraband).





[3]Counsel argues that the implausibility of Williamson=s story makes it more credible because Ayou can=t make this up.@  Whether this enhances or impairs Williamson=s credibility is a determination we must leave to the
factfinder.