

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00190-CR

_____


MARK ALLEN REED, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 38535-B


Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

OPINION

While Laura Reno was in the Hastings records and music store in Longview, she was browsing to locate a movie to rent. Reno noticed Mark Allen Reed watching her and moved to a different aisle; Reed followed. While Reno's back was turned to him, Reed knelt behind her, reached across the aisle with his camera phone, held it low, aimed it up her skirt, and allegedly took a photograph. Hearing the "click" when the photograph was taken, Reno turned and confronted him. Reed denied any wrongdoing and abruptly left the store. The police were called and Reed was located, arrested, and later charged with improper photography.[1] A blurry image was recovered from Reed's telephone and was introduced in evidence at trial as the photograph Reed took of Reno. After a jury trial, Reed was found guilty and sentenced to two years' incarceration.

On appeal, Reed contends that the trial court erred because it failed to instruct the jury on the lesser-included offense of attempted improper photography.

We affirm the trial court's judgment.

*There is no evidence that Reed is guilty only of attempted improper photography*

In his sole point of error, Reed argues that the trial court erred by refusing to instruct the jury on the lesser-included offense of attempted improper photography.

"A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the

---

[1]TEX. PENAL CODE ANN. § 21.15(b) (West 2011).

2

offense intended." TEX. PENAL CODE ANN. § 15.01(a) (West 2011). Reed was seeking the instruction of the lesser-included offense of attempted improper photography because should a person be convicted of a criminal attempt, it would be one category of crime less than the successful commission of the crime of improper photography. TEX. PENAL CODE ANN. § 15.01(d) (West 2011).

To determine if a defendant is entitled to a lesser-included-offense instruction, a two-pronged test applies. *Hall v. State*, 158 S.W.3d 470, 473 (Tex. Crim. App. 2005). First, the lesser-included offense must be included within the proof necessary to establish the offense charged. *Id.*; *Hampton v. State*, 109 S.W.3d 437, 440 (Tex. Crim. App. 2003); *Lofton v. State*, 45 S.W.3d 649, 651 (Tex. Crim. App. 2001); *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994).

A person commits the offense of improper photography if the person:

> (1)     photographs or by videotape or other electronic means records, broadcasts, or transmits a visual image of another at a location that is not a bathroom or private dressing room:
> (A)     without the other person's consent; and
> (B)     with intent to arouse or gratify the sexual desire of any person . . . .

TEX. PENAL CODE ANN. § 21.15(b). The Texas Code of Criminal Procedure Article 37.09 states, in part, that "an offense is a lesser included offense if . . . it consists of an attempt to commit the offense charged or an otherwise individual offense." TEX. CODE CRIM. PROC. ANN. art. 37.09

3

(West 2006). Here, the proof of attempted improper photography is within the proof necessary to establish improper photography; therefore, it is a lesser-included offense.

Moving along to the second prong, we note that some evidence must exist in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser-included offense. *Hampton*, 109 S.W.3d at 440. In other words, there must be some evidence from which a rational jury could acquit Reed of improper photography while convicting him of the lesser-included offense of attempted improper photography. In making this decision, we evaluate the evidence in the context of the entire record and do not consider whether the evidence is credible, controverted, or in conflict with other evidence. *Id.*

Reed points out that the image found on his cell phone is blurry and unidentifiable; nothing human can apparently be discerned from it. In essence, he rests his claim that there was only an unsuccessful attempt to take the photograph on the fact that Reno cannot be identified from it because the photograph is of such poor quality. He further relies on the testimony of Scott Reno (the victim's husband), who testified that "the defendant *tried to take a picture* -- or took a picture up my wife's skirt" (emphasis added) to support this position. From this, Reed posits that because of the lack of precision in the photograph, he was not successful in carrying out the intended result of making the kind of photograph that complies with the requisites of the statute. In response, the State contends that when Reed "aimed the camera up Ms. Reno's skirt and pressed the button on his camera-phone, he committed the crime" of improper photography, whether it resulted in a

4

photograph or not. The State argues that the blurry image in this case "was merely more evidence" of Reed's guilt, rather than a required element of the offense.

Reed cites us to *Reyes v. State*, a case in which the defendant was convicted of attempted improper photography. 267 S.W.3d 268 (Tex. App.—Corpus Christi 2008, pet ref'd). A witness saw Reyes place his cell phone beneath the victim's skirt and heard the phone's camera "click." *Id.* at 270. Reyes was initially charged with felony improper photography under Section 21.15 of the Texas Penal Code, but that charge was reduced to a misdemeanor attempt charge under TEX. PENAL CODE ANN. § 15.01 (West 2011). *Reyes*, 267 S.W.3d at 271. The *Reyes* opinion does not explain why the charge was reduced from improper photography to attempted improper photography. *Id.* However, *Reyes* does make it clear that "no pictures of [the victim] were found on [Reyes'] phone." *Id.*

This case is distinguishable from *Reyes*. Improper photography requires a photograph or visual recording of another person. TEX. PENAL CODE ANN. § 21.15(b). In *Reyes*, "no pictures of [the victim] were found on [the defendant's] phone," whereas here, there is evidence that Reed's cell phone contained a photograph of Reno. *Reyes*, 267 S.W.3d at 271. Reed admitted to the police that he took the photograph—it was just blurry, "it didn't turn out." Reno testified that she was "100 percent" sure that the blurry photograph found on Reed's phone was a photograph of her. She did acknowledge that "[i]t's a blurry photograph and you can't really see anything," but she

identified herself as the object of the photograph because it included the colors hot pink and blue, the respective colors of the blouse and skirt she was wearing during the encounter with Reed.

If Reed had been using a camera which he had unwittingly forgotten to load with film, he would have only made an attempt to violate the law. A photograph resulted from Reed's efforts, albeit not a very good one; an offending photograph need not be one of portrait quality in order to be a photograph. The amorphous blur of a picture was positively identified by the victim as being a photograph of herself.

After evaluating the evidence in the context of the entire record, we find that there is less than a scintilla of evidence that Reed is guilty of only attempted improper photography. Accordingly, we overrule this point of error.

We affirm the trial court's judgment.


Bailey C. Moseley
Justice

Date Submitted:     August 5, 2011
Date Decided:       August 24, 2011

Publish

6