Opinion issued June 24, 2004



     












In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00571-CR




ANDREW T. KEMP, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 917247




MEMORANDUM OPINION

          A jury convicted appellant, Andrew T. Kemp, of aggravated robbery. The trial
court found the enhancement allegations in the indictment true and assessed
punishment at confinement for 48 years. In four issues on appeal, appellant contends
(1) the trial court erred in failing to grant a mistrial, (2) the trial court erred in failing
to instruct the jury on the lesser-included offense of robbery, (3) the evidence was
legally insufficient to support his conviction, and (4) the evidence was factually
insufficient to support his conviction.
          We affirm.
Facts
          On the morning of June 26, 2002, complainant, Jacqueline Orosco Guevara,
arrived at her job as assistant manager for a Black-Eyed Pea restaurant in Houston,
Texas. Pursuant to her duties, complainant prepared the daily deposit and left the
restaurant to take the deposit to the bank. 
          Shortly after she left the restaurant, complainant noticed appellant approaching
her. Complainant attempted to avoid appellant by re-entering the restaurant;
however, before she could re-enter, appellant grabbed her and demanded the bag
containing the deposit. Complainant began to scream and briefly struggled with
appellant before appellant ultimately overcame her and fled with the bag. 
          Nirmeet Solanki, an employee at an auto parts store next to the restaurant,
heard complainant’s screams as he was pulling out of his store’s parking lot. Solanki
drove towards the screams in time to see appellant struggling with complainant. 
When appellant fled, Solanki pursued appellant in his car. Solanki’s pursuit ended
precipitously, however, when appellant pulled a gun out of his pocket, held it out to
show Solanki, and shook his head “no.” Appellant then escaped unimpeded.
Request for Mistrial
          In his first point of error, appellant contends the trial court erred in denying his
request for a mistrial. Specifically, appellant complains of the following testimony
by one of the investigating officers: “Well, the photo we used in the photo lineup, like
I said, we obtained that through [appellant’s] parole officer.” Although the trial court
sustained appellant’s trial objection to the comment and instructed the jury to
disregard the officer’s statement, the court refused appellant’s request for a mistrial. 
Appellant asserts that a mistrial was required because “the testimony that appellant
had a parole officer indelibly painted him as an ex-convict and could not be cured by
an instruction to disregard.”
          A trial court’s denial of a motion for mistrial is reviewed under an abuse of
discretion standard. Wood v. State, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000). A
mistrial is appropriate for only “highly prejudicial and incurable errors.” Id. 
Ordinarily, a prompt instruction to disregard will cure error associated with a non-responsive and improper answer. Hughes v. State, 878 S.W.2d 142, 154 (Tex. Crim.
App. 1993). A mistrial is appropriate only when the improper answer is so
inflammatory as to undermine the effect of the instruction. Id.
 
          In the instant case, the reference to appellant’s parole officer was isolated and
unembellished. Furthermore, it was followed by a prompt instruction to disregard. 
We hold that the officer’s comment concerning appellant’s parole officer was not so
inflammatory as to undermine the efficacy of the trial court’s instruction to disregard
it. See id.
          We overrule appellant’s first point of error.
Sufficiency of the Evidence
          In his third and fourth points of error, appellant contends the evidence was
legally and factually insufficient to convict him of aggravated robbery. Specifically,
appellant argues that the evidence was insufficient to show that the gun appellant
brandished was a “deadly weapon.”
          A legal sufficiency challenge requires us to determine whether, after viewing
the evidence in the light most favorable to the verdict, any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. Johnson
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Howley v. State, 943 S.W.2d 152,
155 (Tex. App.—Houston [1st Dist.] 1997, no pet.). We note that, as the exclusive
judges of the facts, the credibility of the witnesses, and the weight to be given their
testimony, the jury may believe or disbelieve all or any part of a witness’s testimony. 

 
Penagraph v. State, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981) (opining that “a
jury is entitled to accept one version of the facts and reject another or reject any of a
witness’s testimony”). 
          We review the factual sufficiency of the evidence by reviewing all of the
evidence as a whole neutrally, not in the light most favorable to the prosecution. 
Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). In a factual sufficiency
review, we may not substitute our own judgment for that of the fact finder. Jones v.
State, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996). The Court of Criminal Appeals
has recently stated
There is only one question to be answered in a factual-sufficiency
review: Considering all of the evidence in a neutral light, was a jury
rationally justified in finding guilt beyond a reasonable doubt? 
However, there are two ways in which the evidence may be insufficient. 
First, when considered by itself, evidence supporting the verdict may be
too weak to support the finding of guilt beyond a reasonable doubt. 
Second, there may be both evidence supporting the verdict and evidence
contrary to the verdict. Weighing all evidence under this balancing
scale, the contrary evidence may be strong enough that the beyond-a-reasonable-doubt standard could not have been met, so [that] the guilty
verdict should not stand. This standard acknowledges that evidence of
guilt can “preponderate” in favor of conviction but still be insufficient
to prove the elements of the crime beyond a reasonable doubt. Stated
another way, evidence supporting guilt can “outweigh” the contrary
proof and still be factually insufficient under a beyond-a-reasonable-doubt standard. 

Zuniga v. State, No. 539-02, 2004 WL 840786 (Tex. Crim. App. Apr. 21, 2004)
(footnote omitted). We must consider the most important evidence that the appellant 
 
claims undermines the jury’s verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim.
App. 2003). 
          A person commits robbery if, in the course of committing theft and with intent
to obtain or maintain control of the property, he intentionally or knowingly threatens
or places another in fear of imminent bodily injury or death. Tex. Penal Code Ann.
§ 29.02(a)(2) (Vernon Supp. 2004). A person commits aggravated robbery if he
commits robbery and he uses or exhibits a deadly weapon. Tex. Penal Code Ann.
§ 29.03(a) (Vernon 2003). A deadly weapon is:
(A) a firearm or anything manifestly designed, made, or adapted
for the purpose of inflicting death or serious bodily injury; or
 
(B) anything that in the manner of its use or intended use is
capable of causing death or serious bodily injury.

Tex. Penal Code Ann. § 1.07(a)(17) (Vernon Supp. 2004).
          In the instant case, the State presented evidence that appellant grabbed
complainant, forced her to relinquish control of the bag containing the deposit, and
fled. The State presented further evidence that, when appellant noticed he was being
pursued by Solanski, appellant brandished a gun and shook his head “no.” Solanski
testified that he was threatened by appellant’s act and ceased his pursuit because of
it. 
 
 
          Appellant presented no evidence indicating that the gun used in the robbery
was not a deadly weapon. However, he contends that, by itself, Solanski’s testimony
concerning the existence of a gun was insufficient to prove that appellant used a
deadly weapon while committing the robbery.
          A firearm is, per se, a deadly weapon. See Tex. Penal Code Ann. §
1.07(a)(17). Although a “gun” is not necessarily a firearm, absent any specific
indication to the contrary at trial, the jury should be able to make the reasonable
inference, from a witness’s testimony that a gun was used in the commission of a
crime, that the gun was a firearm. See Benavides v. State, 763 S.W.2d 587, 589 (Tex.
App.—Corpus Christi 1988, pet. ref’d). In the instant case, the manner of the gun’s
use, as well as Solanski’s fear of the gun, suggest that it was a firearm and not merely
a gun of the non-lethal variety. See Edwards v. State, 10 S.W.3d 699, 701 (Tex.
App.—Houston [14th Dist.] 1999, pet. dism’d). Therefore, the jury could have
reasonably inferred that the gun was a firearm—and thus a deadly weapon.
          Viewing the evidence in the light most favorable to the verdict, we hold that
a rational trier of fact could have found the essential elements of aggravated robbery
beyond a reasonable doubt. In doing so, we also hold that a rational trier of fact could
have found that appellant used or exhibited a deadly weapon.
          Likewise, examining all of the evidence neutrally, we hold the proof that
appellant used or exhibited a deadly weapon while committing a robbery was not so
obviously weak as to undermine confidence in the jury’s determination; nor was there 
any contrary evidence so strong that the beyond-a-reasonable-doubt standard could
not have been met. 
          We overrule appellant’s third and fourth points of error.
Jury Instruction
          In his second point of error, appellant contends the trial court erred in failing
to give a jury instruction on the lesser-included offense of robbery. Specifically,
appellant avers “the only evidence regarding a weapon was Solanki’s testimony that
he saw appellant take a silver ‘gun’ from his pants pocket and show it to him.” Thus,
appellant concludes, a jury instruction on robbery was required because the jury could
have concluded that the object was not a deadly weapon.
          A defendant is entitled to a charge on a lesser-included offense if (1) the lesser-included offense is included within the proof necessary to establish the offense
charged and (2) there is some evidence that would permit the jury rationally to find
that the defendant, if guilty, is guilty only of the lesser-included offense. Lofton v.
State, 45 S.W.3d 649, 651 (Tex. Crim. App. 2001). The evidence must establish the
lesser-included offense as a valid rational alternative to the charged offense. 
Wesbrook v. State, 29 S.W.3d 103, 113 (Tex. Crim. App. 2000). A charge on the
lesser-included offense is not required when the defendant presents no evidence and
no evidence otherwise raises the issue of a lesser offense. Lofton, 45 S.W.3d at 652.
          In some circumstances, robbery may constitute a lesser-included offense of
aggravated robbery. Little v. State, 659 S.W.2d 425, 426 (Tex. Crim. App. 1983);
Teague v. State, 789 S.W.2d 380, 381 (Tex. App.—Houston [1st Dist.] 1990, pet.
ref’d). However, appellant directs us to no evidence that would permit the jury to
rationally find that he was guilty only of robbery and not aggravated robbery. 
Instead, to support his contention that an instruction on robbery was required,
appellant relies on the absence of the gun at trial and the limited testimony concerning
appellant’s use of a gun during the robbery. 
          The actual weapon used in the commission of an offense need not be
introduced into evidence if a witness is able to testify about the weapon and the
manner in which it was used. See Morales v. State, 633 S.W.2d 866, 868 (Tex. Crim.
App. 1982). In the instant case, Solanki testified that appellant brandished a gun; he
felt threatened by appellant’s use of the gun; and he ceased his pursuit of appellant
after seeing the gun. We have held above that this evidence was sufficient to
establish the existence of a deadly weapon. The absence of further evidence does not,
itself, constitute evidence that appellant, if guilty, was guilty only of the lesser offense
of robbery. Therefore, we hold that the trial court did not err in refusing appellant’s
request for a jury instruction on the lesser included offense of robbery.
          We overrule appellant’s second point of error.
 
 
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                             Laura Carter Higley
                                                             Justice
 
Panel consists of Justices Nuchia, Alcala, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).