Affirmed and Memorandum Opinion filed April 24, 2008








Affirmed and Memorandum Opinion filed April 24, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00117-CR

____________

 

ANTHONY WHITE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 185th
District Court

Harris County, Texas

Trial Court Cause No. 1101242

 



 

M E M O R A N D U M   O P I N I O N

A jury found appellant, Anthony White, guilty of felony
burglary of a habitation with intent to commit aggravated assault, and further
found that he used a deadly weapon.  At appellant=s request, the
trial judge assessed his punishment, and sentenced him to 40 years= confinement in
the Texas Department of Criminal Justice, Institutional Division.  On appeal,
appellant contends that the trial court erred in failing to instruct the jury
on the lesser-included offense of criminal trespass of a habitation.  Appellant
also contends that the evidence is legally and factually insufficient to prove
that he exhibited a deadly weapon and that he intended to commit aggravated
assault.  We affirm.








Factual
Background

Dan Stone worked as a contractor for appellant=s ex-girlfriend,
Viola Lee.  On May 27, 2006, as Stone drove toward Lee=s house, he
recognized appellant=s car, which appellant had parked at an
angle across the road.  Stone saw appellant coming toward him with a sawed-off
shotgun.  Stone tried to evade appellant by driving away, but appellant
followed in his car.  Stone eventually drove between two houses and Abailed out@ of his truck when
he saw appellant getting out of his car holding a Apistol@ or small handgun
different from the sawed-off shotgun appellant had carried earlier.  

Patrick Giordano, the complainant, was watering plants in
his yard when he saw Stone  drive his  truck onto the grass between his and his
neighbor=s house.  Giordano
did not know Stone.  When the truck stopped, Giordano watched as Stone jumped
out, jumped over Giordano=s Cadillac, which was parked in his
driveway, and ran into Giordano=s garage.  Stone screamed, hollered, and
cried as he ran.  Giordano thought Stone Awas nuts at the
time,@ and he yelled at
Stone to leave his garage.  Instead, Stone tried to hide beneath some sheetrock
in Giordano=s very cluttered garage.

Giordano ran into his house to call the police.  Then,
after asking his wife to call 911, he went back outside and continued screaming
at Stone to get out of his garage.  Giordano then heard appellant hollering, AI=m going to put a
cap in your ass.@  He watched as appellant walked rapidly
toward the garage, waving a gun from side to side.  Appellant came within six
or seven feet of Giordano, and Giordano focused his attention on appellant=s gun. Giordano,
who had over forty-seven years of experience with guns, described the gun
appellant was holding as Asmall@ and a ASaturday Night
Special.@ 








Giordano then saw appellant walk into his garage without
permission and step three to five feet toward where Stone was hiding. 
Appellant Alooked and peeked@ as Giordano told
him to AGet the F out of
my garage.@  Appellant looked at Giordano, turned around, and
walked back down the driveway, while placing the gun into a Crown Royal sack he
had in his other hand.  Appellant threw the gun into the car with his
passenger, and then grabbed a metal bat.  Appellant took the bat and Abeat about a
hundred percent@ of Stone=s truck with it. 
Stone, hiding in Giordano=s garage and fearing for his life, did not
see what was happening, but he testified that he heard gunfire and the sound of
appellant beating his truck with the bat.  

Appellant returned to his car and someone drove up asking, ADid you cap his
ass?@  Appellant
responded, ANo, he=s hiding in that F-ing garage.@  Then both cars
drove away and the police arrived.  After appellant left, Stone came out of the
garage, shaking, quivering, crying, and Ascared to death.@

Appellant testified as the only witness for the defense. 
He claimed that he did not possess any guns and never entered Giordano=s garage. 
Appellant admitted, however, that he beat Stone=s car with a
baseball bat.  According to appellant, Stone had hit his car, Arun [him] off the
road, [and] took off,@ and he was chasing Stone to try to stop
him and talk to him.

Analysis
of Appellant=s Issues

I.        Lesser-included
Offense








In his first issue, appellant contends the trial court
erred in failing to instruct the jury on the lesser-included offense of
criminal trespass of a habitation.  According to appellant, the evidence was
contested concerning whether (1) he entered Giordano=s garage, (2) if
he entered Giordano=s garage, he intended to commit aggravated
assault, and (3) if he entered Giordano=s garage, he
possessed a deadly weapon.  Appellant points out that, contrary to Giordano=s testimony, he
testified that he did not go into the garage and he did not have a gun. 
Appellant also points to Giordano=s inability to
recall some of the details of the incident[1]
and his failure to specifically identify the gun he saw appellant holding as a
firearm or deadly weapon.  Appellant further contends that, if he entered the
complainant=s habitation, it was only a trespass and not with the
intent to commit aggravated assault.  Thus, appellant contends, based on the
evidence presented at trial, he could have been found guilty of criminal
trespass of a habitation.

A.      Applicable
Law and Standard of Review

A two-step analysis is applied to determine if a defendant
is entitled to a lesser-included offense instruction.  Hall v. State,
225 S.W.3d 524, 535 (Tex. Crim. App. 2007); see also Tex. Code Crim. Proc. art. 37.09.  In
the first step, the elements of the offense as alleged in the indictment are
compared to the statutory elements of the potential lesser-included offense.  Hall,
225 S.W.3d at 535B36.  If the elements of the lesser offense
could be established by proof of the same or less than all of the facts
required to establish the commission of the charged offense, then the analysis
moves to the second step.  Id.  In the second step, the evidence adduced
at trial must be reviewed to determine if there is some evidence to support
instructing the jury on the lesser-included offense.  Id. at 536.  To
support submission of the lesser-included offense, the evidence must include
proof of the lesser offense, and the evidence must show that if the defendant
is guilty, he is guilty only of the lesser-included offense.  Id.  The
evidence must establish the lesser‑included offense as a valid, rational
alternative to the charged offense.  Id.; Arevalo v. State, 943
S.W.2d 887, 889 (Tex. Crim. App. 1997).  








In determining whether the trial court erred in failing to
give a charge on the lesser-included offense, we review all of the evidence
presented at trial.  Rousseau v. State, 855 S.W.2d 666, 673 (Tex. Crim.
App. 1993).  If the evidence raises the issue of a lesser-included offense, a
jury charge must be given based on that evidence, A>whether produced
by the State or the defendant and whether it be strong, weak, unimpeached, or
contradicted.=@  Id. at 672 (quoting Bell v.
State, 693 S.W.2d 434, 442 (Tex. Crim. App. 1985)).  However, a charge on
the lesser-included offense is not required when the defendant presents no
evidence or presents evidence that no offense was committed.  Lofton v.
State, 45 S.W.3d 649, 652 (Tex. Crim. App. 2001).

B.      Analysis of
Issue

Here, appellant was charged with burglary pursuant to Texas
Penal Code section 30.02, which provides that a person commits an offense if,
without the effective consent of the owner, the person:

(1) enters a habitation, or a building (or any portion of a building)
not then open to the public, with intent to commit a felony, theft, or an
assault; or

(2) remains concealed, with intent to commit a felony, theft, or an
assault, in a building or habitation;  or

(3) enters a building or habitation
and commits or attempts to commit a felony, theft, or an assault. 

See Tex. Penal Code ' 30.02.[2] 
A person commits criminal trespass if he enters or remains on or in property of
another without effective consent and had notice that the entry was forbidden or
received notice to depart but failed to do so.  See Tex. Penal Code' 30.05(a).








Criminal trespass of a habitation may be a lesser-included
offense of burglary of a habitation with the intent to commit a felony or
theft.  See Aguilar v. State, 682 S.W.2d 556, 558 (Tex. Crim. App.
1985); Day v. State, 532 S.W.2d 302, 304B06 (Tex. Crim.
App. 1976), disapproved on other grounds, Hall, 225 S.W.3d 524
(Tex. 2007).  We will assume for purposes of this issue that the first step of
the analysis is satisfied.  However, to be entitled to an instruction on
criminal trespass of a habitation, the second prong of the test must also be
satisfied.  Specifically, the evidence must raise an issue that the defendant,
if guilty, is guilty only of the lesser offense of criminal trespass of a
habitation.  See Pickens v. State, 165 S.W.3d 675, 679 (Tex. Crim. App.
2005); Aguilar, 682 S.W.2d at 558. 

Here, appellant affirmatively denied entering the garage,
and he denied possessing any guns.  According to appellant, he did not commit
burglary of a habitation, aggravated assault, or criminal trespass to a
habitation.  As the Court of Criminal Appeals explained in Lofton, A[a] defendant=s own testimony
that he committed no offense, or testimony which otherwise shows that no
offense occurred at all, is not adequate to raise the issue of a
lesser-included offense.@  Lofton, 45 S.W.3d at 652; see
also Aguilar, 682 S.W.2d at 558 (stating that if a defendant either
presents evidence that he committed no offense or presents no evidence, and
there is no evidence otherwise showing he is guilty only of a lesser include
offense, then a charge on a lesser include offense is not required).  Instead,
the evidence Amust establish that if a defendant is guilty, he is
guilty only of the lesser included offense.@  Lofton,
45 S.W.3d at 652.  Appellant=s testimony did not offer any evidence
adequate to raise the lesser-included offense of criminal trespass to a
habitation.

Further, there is no evidence from any other source from
which a rational jury could find that if appellant was guilty, he was guilty
only of criminal trespass.  Indeed, the other evidence in the record
demonstrated that appellant carried a firearm into Giordano=s garage with the
intent to cause Stone serious bodily injury.  Stone testified that, when he
bailed out of his truck and ran for Giordano=s garage, he saw appellant
holding a pistol.  Giordano testified that he saw appellant holding a gun and
waving it around as he approached the garage.  Giordano further saw appellant Alook[ing] and
peek[ing]@ in the garage as he walked three to five feet toward
where Stone was hiding.  Appellant declared, AI=m going to put a
cap in your ass.@  Then, appellant=s cohort asked if
appellant was able to Acap his ass?@  Stone also
remembered hearing someone ask appellant, ADid you get him?@  Appellant
replied, ANo, he=s hiding in that F-ing garage.@








Appellant=s contention that Giordano=s failure to
specifically identify the gun as a Afirearm@ or Adeadly weapon@ is also without
merit.  As discussed in greater detail below, the evidence is legally and
factually sufficient to support the jury=s finding that
appellant used a deadly weapon.  Therefore, on these facts, no rational juror
could find that if appellant was guilty, he was guilty only of criminal
trespass.

The trial court did not err by denying appellant=s request for an
instruction on criminal trespass to a habitation in this case.  We overrule
appellant=s first issue.

II.       Appellant=s Legal and Factual
Sufficiency Issues

In his second and third issues, appellant contends that the
record contains legally and factually insufficient evidence to prove he used or
exhibited a deadly weapon.  In his fourth and fifth issues, appellant contends
that the record contains legally and factually insufficient evidence to prove
he intended to commit aggravated assault.  We address these contentions below.

A.      Legal
Sufficiency

In evaluating the legal sufficiency of the evidence, we
must view the evidence in the light most favorable to the prosecution and
determine whether any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319 (1979); Vasquez v. State, 67 S.W.3d 229, 236 (Tex.
Crim. App. 2002).  This standard of review applies to cases involving both
direct and circumstantial evidence.  King v. State, 895 S.W.2d 701, 703
(Tex. Crim. App. 1995).  Although we consider all evidence presented at trial,
we may not re‑weigh the evidence and substitute our judgment for that of
the jury.  King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). 
The jury is the exclusive judge of the credibility of witnesses and of the
weight to be given their testimony, and it is the exclusive province of the
jury to reconcile conflicts in the evidence.  Mosley v. State, 983
S.W.2d 249, 254 (Tex. Crim. App. 1998).

 








B.      Factual
Sufficiency

When conducting a factual‑sufficiency review, we view
all of the evidence in a neutral light.  See Cain v. State, 958 S.W.2d
404, 408 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 134
(Tex. Crim. App. 1996).  We may set the verdict aside if (1) the evidence is so
weak that the verdict is clearly wrong and manifestly unjust, or (2) the
verdict is against the great weight and preponderance of the evidence.  Watson
v. State, 204 S.W.3d 404, 414B15 (Tex. Crim.
App. 2006) (citing Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000)).  However, while we may disagree with the jury=s conclusions, we
must exercise appropriate deference to avoid substituting our judgment for that
of the jury, particularly in matters of credibility.  Drichas v. State,
175 S.W.3d 795, 799 (Tex. Crim. App. 2005); see also Watson, 204 S.W.3d
at 414 (stating that a court should not reverse a verdict it disagrees with
unless it represents a manifest injustice, though supported by legally
sufficient evidence).  Thus, while we are permitted to substitute our judgment
for the jury=s when considering credibility and weight
determinations, we may do so only to a very limited degree.  Marshall v. State,
210 S.W.3d 618, 625 (Tex. Crim. App. 2006). 

C.      The
Evidence that Appellant Used or Exhibited A Deadly Weapon

Appellant briefs the legal and factual sufficiency issues
concerning the affirmative deadly weapon finding together, so we will address
them similarly.  In his second and third issues, appellant contends that the
evidence is legally and factually insufficient to prove he used or exhibited a
firearm.  See Tex. Penal Code
' 1.07(a)(17)(A)
(defining Adeadly weapon@ as Aa firearm or
anything manifestly designed, made, or adapted for the purpose of inflicting
death or serious bodily injury@).  Appellant points out that there was no
testimony that the Agun@ he allegedly was
carrying was a firearm or a deadly weapon.  He also points out that there was
no evidence that a firearm was recovered during the police investigation or
when he was arrested, and no evidence that the gun was operable.  Further,
appellant testified that he had no gun.








However, the evidence showed that two witnesses, Giordano
and Stone, testified that they saw appellant carrying a gun.  Giordano
testified that he had forty-seven years= experience with
firearms and recognized the gun as a ASaturday Night
Special.@  He saw appellant
waving and Apanning@ the gun around. 
Giordano testified that, based on his extensive experience, he recognized a gun
when he saw one.  Stone also testified that he saw appellant approaching him at
Giordano=s house with a Apistol@ in his hand.  He
also claimed he heard gunfire as he hid in Giordano=s garage. 

The Court of Criminal Appeals has held that A[t]estimony using
any of the terms >gun,= >pistol= or >revolver= is sufficient to
authorize the jury to find that a deadly weapon was used.@  Wright v.
State, 591 S.W.2d 458, 459 (Tex. Crim. App. 1979) (rejecting argument that
evidence is sufficient only if the witness uses the term Afirearm@ or otherwise
proves the use of a Adeadly weapon@).  This Court has
also held that testimony the defendant threatened the victims with a Agun@ sufficiently
authorized a rational jury to find he used a Afirearm@ to commit the
crime.  Carter v. State, 946 S.W.2d 507, 511 (Tex. App.CHouston [14th
Dist.] 1997, pet. ref=d).  Additionally, a complainant=s or witness=s testimony that
the accused displayed a gun does not require corroboration by physical evidence
or expert testimony.  Gomez v. State, 685 S.W.2d 333, 336 (Tex. Crim.
App. 1985).  Therefore, Giordano=s and Stone=s testimony that
they saw appellant with a gun sufficiently proved he displayed a firearm.  The
only controverting evidence was appellant=s testimony that
he had no gun, and the jury was free to disbelieve this testimony and believe
the State=s witnesses.








Concerning appellant=s claim that the
State failed to present evidence the gun was operable, such evidence is not
required.  The Court of Criminal Appeals has held that a forty-five automatic
pistol was a Afirearm@ even though it
was missing its clip and firing pin when recovered.  Walker v. State,
543 S.W.2d 634, 637 (Tex. Crim. App. 1976).  Because the weapon was manifestly
designed for the purpose of inflicting death or serious bodily injury, and this
fact was evident to the victim, the evidence was sufficient to prove the
defendant used a deadly weapon.  Id.; see also Wright v. State,
582 S.W.2d 845, 847 (Tex. Crim. App. 1979 (AThe State is
required to prove only the use of a deadly weapon; if its proof shows a
firearm, it need not prove that it was operable.@); Moore v.
State, No. 14-00-00110-CR, 2001 WL 777059, at *2 (Tex. App.CHouston [14th
Dist.] July 12, 2001, pet. ref=d) (per curiam) (not designated for
publication) (holding evidence was legally and factually sufficient to
demonstrate pistol was a firearm even though it was inoperable).  Therefore,
the State=s failure to prove the gun was operable does not
render the evidence legally or factually insufficient.

We conclude that the evidence was both legally and
factually sufficient to prove that appellant used or exhibited a firearm.  We
overrule appellant=s second and third issues.

D.      The
Evidence that Appellant Intended to Commit Aggravated Assault

In his fourth and fifth issues, appellant contends that the
evidence is legally and factually insufficient to prove that he intended to
commit aggravated robbery.  He incorporates his argument from issues two and
three to argue that, absent evidence he possessed a firearm, there is no proof
beyond a reasonable doubt that he intended to commit aggravated assault upon
entering Giordano=s garage.  However, we have concluded that
the evidence was legally and factually sufficient to show that appellant
displayed a firearm; therefore, this argument must fail.  








Further, the evidence of appellant=s intent, as
previously discussed, is sufficient to support the jury=s verdict.  The
jury could have rationally inferred that appellant=s threat to Acap your ass@ was directed to Stone
because appellant chased Stone into Giordano=s garage, and the
jury likewise could have concluded that appellant=s threat to Acap@ Stone, while
holding the gun, meant he intended to shoot him.  See Johnson v. State,
No. 09-95-248-CR, 1997 WL 34387, at *3 (Tex. App.CBeaumont Jan. 29,
1997, no pet.) (not designated for publication) (stating that appellant=s statement he
would Apop a cap in your
ass@ was a specific
threat of bodily injury meaning he would shoot the victim).  Therefore, we hold
that the evidence is legally and factually sufficient to support the jury=s verdict.  We
overrule appellant=s fourth and fifth issues. 

Conclusion

We overrule appellant=s issues and
affirm the trial court=s judgment.

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed April 24, 2008.

Panel consists of
Justices Fowler, Frost and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Specifically, appellant points to Giordano=s testimony that he could not recall the time of day when the incident
occurred or whether he gave the police a statement. 





[2]  The indictment against appellant alleged in part
that he Adid then and there unlawfully, with intent to commit
AGGRAVATED ASSAULT enter a habitation owned by PATRICK GIORDANO, a person
having a greater right to possession of the habitation than [appellant] and
hereafter styled the complainant, without the effective consent of the
complainant, namely, without any consent of any kind.@  A person commits aggravated assault if the person
commits assault and (1) causes serious bodily injury to another, including the
person=s spouse; or (2) uses or exhibits a deadly weapon
during the commission of the assault. See Tex. Penal Code '
22.02(a).  A person commits assault if the person: (1) intentionally,
knowingly, or recklessly causes bodily injury to another, including the person=s spouse; (2) intentionally or knowingly threatens
another with imminent bodily injury, including the person=s spouse; or (3) intentionally or knowingly causes
physical contact with another when the person knows or should reasonably
believe that the other will regard the contact as offensive or provocative.  See
Tex. Penal Code ' 22.01(a).